Balwant **SINGH**, Plaintiff,

v.

**SUPERINTENDING SCHOOL COMMITTEE OF the CITY OF PORTLAND, et al., Defendants.**

**Civ. No. 83–0160 P.**

United States District Court, D. Maine.

Sept. 27, 1984.

David J. Corson, Yarmouth, Me., for plaintiff.

Hugh G.E. MacMahon, Harry R. Pringle, Portland, Me., for defendants.

ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

 A hearing has been had herein before the Honorable D. Brock Hornby, United States Magistrate, upon the Defendants' Motion to Dismiss and for Summary Judgment. The United States Magistrate has considered the written arguments of counsel upon said motion, and has filed with this Court on June 8, 1984, his Report and Recommended Decision on Defendant's Motion to Dismiss and for Summary Judgment, in which he recommends as follows:

(1) that the Defendants' Motion to Dismiss and for Summary Judgment on the ground that the Plaintiff has improperly split state and federal causes of action be *denied;*

(2) that the Defendants' Motion to Dismiss and for Summary Judgment on the ground that the State of Maine Superior Court has exclusive jurisdiction over actions brought under the Maine Human Rights Act be *denied;*

(3) that the Defendants' Motion to Dismiss and for Summary Judgment on the ground that the Plaintiff's state law claims are precluded by the Eleventh Amendment, as recently interpreted in the case of *Pennhurst State School & Hospital v. Halderman,* 52 U.S.L.W. 4155 [—— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67] (U.S. Jan. 23, 1984), be *denied;*

(4) that the Defendants' Motion to Dismiss and for Summary Judgment on the state law claims on the ground that the Plaintiff has waived state agency investigation of his claims and cannot now ask the District Court to exercise pendent jurisdiction over such state law claims be *denied;*

(5) that the Defendants' Motion to Dismiss and for Summary Judgment on the Title VII claim on the ground that the Plaintiff has waived these claims by his alleged withdrawal of his complaint from the Maine Human Rights Commission prior to the passage of sixty (60) days be *denied;*

(6) that the Defendants' Motion to Dismiss and for Summary Judgment

with respect to the federal claims be *granted* as to federal claims based upon acts occurring more than three hundred (300) days before the date of filing of Plaintiff's complaint with the EEOC;

(7) that the Defendants' Motion to Dismiss and for Summary Judgment with respect to any state claim based upon acts occurring prior to May 5, 1981, be *granted;* and

(8) that the Plaintiff's claim for compensatory and punitive damages pursuant to Title VII be *stricken*.[1]

Defendants timely filed objections "to [the] extent that the Magistrate has recommended that Defendants' Motion to Dismiss and for Summary Judgment be denied." Defendants' Written Objections to Report and Recommended Decision of Magistrate, at 1. The written objections thereafter set out specific objections to each of the first six actions recommended by the Magistrate as enumerated hereinabove.

The Court having reviewed and considered the Magistrate's Report and Recommended Decision, together with the entire record, including the written objections of the Defendants and the memoranda submitted by counsel before the Magistrate and in this Court; and this Court having reconsidered and made a *de novo* determination of all matters adjudicated by the Magistrate's Report and Recommended Decision *to which objection has been made, see* 28 U.S.C. § 636(b)(1)(C) and *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980); and this Court concurring with the recommendations of the United States Magistrate for the reasons set forth in his report, and having determined that no further proceeding is necessary, it is

ORDERED AS FOLLOWS:

(1) that the Magistrate's Report and Recommended Decision on Defendants' Motion to Dismiss and for Summary Judgment be, and is hereby, APPROVED;

(2) that the Defendants' Motion to Dismiss and for Summary Judgment on the ground that the State of Maine Superior Court has exclusive jurisdiction over actions brought under the Maine Human Rights Act be, and is hereby, DENIED;[2]

(3) that the Defendants' Motion to Dismiss and for Summary Judgment on the ground that the Plaintiff's state law claims are precluded by the Eleventh Amendment, as recently interpreted in the case of *Pennhurst State School & Hospital v. Halderman*, 52 U.S.L.W. 4155 [—— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67] (U.S. Jan. 23, 1984), be and is hereby, DENIED;

(4) that the Defendants' Motion to Dismiss and for Summary Judgment on the state law claims on the ground that the Plaintiff has waived state agency investigation of his claims and cannot now ask the District Court to exercise pendent jurisdiction over such state law claims be, and is hereby, DENIED;

(5) that the Defendants' Motion to Dismiss and for Summary Judgment on the Title VII claim on the ground that the Plaintiff has waived these claims by his alleged withdrawal of his complaint from the Maine Human Rights Commission prior to the passage of sixty (60) days be, and is hereby, DENIED;

(6) that the Defendants' Motion to Dismiss and for Summary Judgment with respect to the federal claims be, and is hereby, GRANTED as to federal claims based upon acts occurring more than three hundred (300) days

---

1. See Appendix A.

2. *See Architects Collaborative, Inc. v. President and Trustees of Bates College,* 576 F.Supp. 380, at 382–83 (D.Me.1983), in which this Court rejected an argument similar to that advanced by the Defendants herein as to statutory construction of the Massachusetts Arbitration Act, Mass. Gen.Laws Annon., ch. 251, §§ 1–19, at §§ 2(a) and 16.

before the date of filing of Plaintiff's complaint with the EEOC; and

(7) that the Plaintiff's claim for compensatory and punitive damages pursuant to Title VII be, and is hereby, STRICKEN;

(8) that the Clerk of this Court enter such judgment in favor of the respective parties as shall be appropriate under the foregoing provisions of this Order; and

(9) that this matter is REMANDED to the Magistrate for such further action as shall be appropriate.

SO ORDERED.

## APPENDIX A

In their objections to the Magistrate's Report the Defendants also assert that "Plaintiff's claims for compensatory and punitive damages under the Maine Human Rights Act, as well as under Title VII, should be stricken." Defendants' Written Objections to Report and Recommended Decision of Magistrate, at 2. The record does not disclose that these arguments were made before the Magistrate. Defendants' written memorandum to the Magistrate argued in only seven lines that the Plaintiff's compensatory and punitive damages claims "under Title VII" should be stricken. Defendants' Memorandum in Support of Objections to Report and Recommended Decision of Magistrate, at 10.

The Motion to Strike was properly acted upon by the Magistrate under 28 U.S.C. § 636(b)(1)(A) since it is not one of the pretrial motions excepted in subsection (A) from referral to the Magistrate for him "to hear and determine." Review of the action of the Magistrate on such a pretrial motion is by an appeal to the District Court as provided for in the last sentence of subsection (A). By the language of that sentence, the District Court "may consider" the Magistrate's action on such a motion "where *it has been shown* that the Magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (emphasis added). "The purpose of the Federal Magistrate's Act is to relieve courts of unneces-

sary work." *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980). Thus, where pretrial motions are referred to the Magistrate "to hear and determine" it is incumbent upon the parties in interest on the decision of such motions to raise before the Magistrate all pertinent issues generated by the motions and to make to him all their arguments, contentions and statements of position on which they rely to achieve a decision favorable to them on the motions. To permit the parties any selectivity in presentation in these respects would defeat the purpose of the Act. In such circumstance, the Magistrate's determination would seldom be a comprehensive resolution of the pending motion and the District Court would be required to hear the motion anew on bases never presented to the Magistrate. Such is clearly not the intent of the Act. The Act necessarily contemplates that on referral of a pretrial motion to the Magistrate for his hearing and determination thereon, all parties are required to take before him, not only their "best shot" but all of their shots.

In *Park Motor Mart, Inc.,* 616 F.2d at 605, the Court of Appeals has expressed its opposition "to the taking of appeals by one who has never stated his position [by filing objections under § 636(b)(1)(C) ] to the District Court." The rationale there expressed for that opposition applies with equal force where the appeal is from the Magistrate to the District Court whether it be premised upon subsection (A) or subsections (B) and (C). Failure to make an argument thus constitutes its waiver for purposes of further appellate review of the Magistrate's action.

Finally, even passing the point of waiver, the Defendants have not "shown" that the Magistrate's action with respect to the claims for compensatory and punitive damages under the Maine Human Rights Act was "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A). All that is shown is that the Magistrate did not act on an issue that was never generated before him. Failure to act in that circumstance is not clear error—nor is it contrary to law.

Accordingly, the Court has not considered this argument of the Defendants in its review of the Magistrate's Report.