**Balwint SINGH, Plaintiff,**

v.

**SUPERINTENDING SCHOOL COMMITTEE OF the CITY OF PORTLAND, et al., Defendants.**

**Civ. No. 83–0160 P.**

United States District Court, D. Maine.

Jan. 30, 1985.

David J. Corson, Yarmouth, Me., for plaintiff.

Hugh G.E. MacMahon, Harry R. Pringle, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for defendants.

## MEMORANDUM AND ORDER AFFIRMING IN PART AND REVERSING IN PART ORDER OF THE MAGISTRATE

GENE CARTER, District Judge.

In this action, Plaintiff contends that he was dismissed from his position and disadvantaged in his employment because of discrimination based on race, color or national origin in violation of Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, 2000e–2, and the Maine Human Rights Act, 5 M.R.S.A. § 4551, *et seq.* The complaint seeks both compensatory and punitive damages. In a previous order affirmed by this Court, the Magistrate dismissed Plaintiff's claims for damages under Title VII. 593 F.Supp. 1315 (D.C.Me. 1984). Defendant then moved to strike Plaintiff's demand for compensatory and punitive damages under the Maine Human Rights Act.

Before the Magistrate, Plaintiff acknowledged that damages are not available under the Maine Human Rights Act. He argued, however, that damages are available to him under 42 U.S.C. § 1983. Defendants contend that Plaintiff's damages claim should be stricken altogether because he did not allege section 1983 as a basis for relief at any time before his response to the motion to strike. The Magistrate granted the motion to strike as to the Human Rights Act but otherwise denied it on the grounds that Title VI may provide a private right of action and that section 1983 provides a remedy for an alleged violation of the statute. Defendant has appealed this ruling.

Having reviewed the submissions of the parties to the Magistrate and this Court, as well as the Magistrate's order, the Court concludes that the Magistrate was correct in his decision not to strike the claim for damages. In *Guardians Association v. Civil Service Commission,* —— U.S. ——, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983), a case cited by Defendants, a majority of the justices of the Supreme Court recognized a private right of action under Title VI. In attempting to define the limits of remedies available for the judicially created private right of action under Title VI, Justice White, writing for the Court and joined by Justice Rehnquist, stated that victims of intentional discrimination may be entitled to compensatory awards. *Id.* at ——, 103 S.Ct. at 3234. A majority of the other justices appear to agree with the proposition that compensatory damages are available although they differ on the nature and quantum of proof required. *Id.* at ——, 103 S.Ct. at 3239 (Marshall, J., dissenting) (no discriminatory animus required), and at ——, 103 S.Ct. at 3249 (Stevens, Brennan and Blackmun, JJ., dissenting). Plaintiff in this case meets even the high threshold postulated by Justice White. Although the complaint does not use the specific words "discriminatory intent," Plaintiff has alleged that the school board's actions, such as firing him and failing to give him a raise, were motivated by racial discrimination. Plainly, these allegations constitute assertions of intentional discrimi-

nation. The dissenting opinion of Justice Stevens, in *Guardians Association,* joined by Justices Brennan and Blackmun, indicates their belief that compensatory damages are available, not only on *stare decisis* grounds but also under section 1983, for violation of Title VI. *Id.* at ——, 103 S.Ct. at 3249 (Stevens, J., dissenting). Since there is here a claim based upon allegations of intentional discrimination seeking compensatory damages under Title VI or § 1983,[1] the Magistrate was correct in denying the motion to strike the demand for compensatory damages.

 Defendants are correct, however, in their assertion that the punitive damages claim should be striken. The Supreme Court has held generally that punitive damages are not available in section 1983 actions against municipalities. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). The Court previously denied the School Committee Eleventh Amendment protection in the present case because it was determined to be acting in a municipal rather than a state capacity. *See* Report and Recommended Decision of Defendants' Motion to Dismiss and for Summary Judgment at 6 (June 8, 1984). Since the school committee members are municipal officials sued only in their official capacities, *see* Report of Preliminary Pretrial Conference (Sept. 8, 1983), it is clear that punitive damages would not be available if they were sought under section 1983. The policies militating against an award of punitive damages against municipalities, particularly their ineffectiveness as deterrents, are no different whether the damages are sought under Title VI or under section 1983. Moreover, although compensatory damages are available under Title VI, see *Guardians Association,* no mention of punitive damages was made in that case, and a punishment of cutoff of federal funds is one of the remedies already available under that statute.

The Court finds, therefore, that the Magistrate should have stricken the claim for punitive damages under Count I of the complaint.

Accordingly, it is ORDERED that the opinion of the Magistrate is AFFIRMED to the extent that it denied the motion to strike Plaintiff's claim for compensatory damages. It is REVERSED to the extent that it denied the motion to strike Plaintiff's demand for punitive damages. Plaintiff's claim for punitive damages is hereby STRICKEN.

So ORDERED.

---

**1.** Although Defendants object to consideration of § 1983 claims not raised in the pleadings, it would not be sensible for the Court to strike a claim for relief when there is alleged one adequate statutory basis and leave to amend the complaint to allege other bases is to be freely given when justice so requires. Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).