**James BORDEN, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 86–2139.**

United States Court of Appeals, First Circuit.

Submitted June 5, 1987.

Decided Sept. 29, 1987.

Brian J. Farrell and Lovett, Schefrin & Gallogly, Ltd., Providence, R.I., on brief, for appellant.

Michael P. Iannotti, Asst. U.S. Atty., and Lincoln C. Almond, U.S. Atty., Providence, R.I., on brief, for appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

Appellant James Borden challenges a district court order affirming the Secretary's denial of disability insurance benefits. Appellant argues first, that the Secretary's decision is not supported by the weight of the evidence and second, that the district court erred in refusing to consider his argument regarding stress. For the reasons stated below, we affirm.

Appellant's alleged disability is heart disease and cerebral hemorrhage, along with a history of hypertension. His past work experience was that of a laborer and meat cutter. The Administrative Law Judge ("ALJ") determined that appellant's health was impaired to the extent of precluding the performance of his past work, however not to the extent of precluding all work. A vocational expert testified as to the precise jobs in which appellant could engage. The ALJ concluded that appellant was capable of substantial gainful work. 42 U.S.C. § 423(d)(2)(A).

■ It is well settled that our scope of review is limited to determining whether the Secretary's decision is supported by substantial evidence. *Falú v. Secretary of Health & Human Services*, 703 F.2d 24, 28 (1st Cir.1983). It is not this court's function to engage in a reweighing of the evidence. *González v. Richardson*, 455 F.2d 953, 954 (1st Cir.1972). Upon a careful review of the record, we find that the overwhelming weight of the evidence supports the ALJ's decision. In fact, it is difficult to perceive why appellant's counsel has wasted his time and, more importantly, our time, in bringing this appeal.

Appellant seems to be relying on a verbal slip-up in the vocational expert's testimony. The vocational expert testified as to the exact jobs appellant was capable of performing, including band attacher, cashier, inspector, assembler, gate person and ticket seller. Although the vocational expert inadvertently used the term "sedentary," which would have qualified appellant as disabled, to categorize this list, these jobs are understood to be "light" jobs. Also, the context of the testimony clearly indicates that appellant was able to perform light work and not just sedentary duties. Furthermore, appellant's own doctor never indicated that he could not perform light work, but only that he refrain from "any kind of heavy work." The ALJ properly determined that appellant was able to perform light work.

■ Appellant also asserts that the ALJ and the district court erred in their treat-

ment of his claim of emotional stress. The ALJ determined that appellant was unable to perform work involving undue emotional stress; however, the jobs listed by the vocational expert did not involve such stress. On appeal to the district court, the case was referred to a magistrate for a Report and Recommendation. 28 U.S.C. § 636(b)(3). Appellant did not contest the ALJ's findings on emotional stress before the magistrate. The magistrate ruled against appellant on the substantial evidence issue and appellant filed an objection in which he also raised, for the first time, the emotional stress issue. The district court refused to rule on this question, holding that it had been waived by failing to raise it before the magistrate. We agree.

Appellant was entitled to a de novo review by the district court of the *recommendations to which he objected, see Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), however he was not entitled to a de novo review of an argument never raised. *See Singh v. Superintending School Committee*, 593 F.Supp. 1315, 1318 (D.Me.1984); *Health Corp. of America v. New Jersey Dental Ass'n*, 77 F.R.D. 488, 491–92 (D.N.J.1978). "The purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work." *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980). It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate. Parties must take before the magistrate, "not only their 'best shot' but all of their shots." *Singh*, 593 F.Supp. at 1318. This concept is premised on the same basis as the rule that an appellate court will not consider arguments not raised below except in the most compelling circumstances. *See Johnston v. Holiday Inns*, 595 F.2d 890, 894 (1st Cir.1979). Thus, here the district court judge properly refused to consider an argument which could have been, but inexplicably was not, presented to the magistrate in the first instance.

Accordingly, we *affirm*.