961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margrete M. CLARKE, Cheryl L. Guinn, Richard Barnes, Wayne
L. Walker, and Paul Durham, Plaintiffs-Appellants,
v.
CAREERCOM CORPORATION, d/b/a MTA Technical School, Defendant-Appellee.
 No. 91-3495.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 Before KEITH and SILER, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 This is a race discrimination/wrongful discharge case under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, et seq. Essentially, plaintiffs, all of whom are black, allege that they were discharged from their positions as outside sales representatives of defendant, who operates a trade school, as part of an effort to enhance the school's white student population. Plaintiffs, who constituted 70% of the outside sales force (7 black and 3 white) were replaced by a sales force which was 80% white (1 black and 4 white). After the close of discovery defendant moved for summary judgment. The magistrate judge who was managing the case, on a reference under a local rule[1] and 28 U.S.C. and § 636(b) and (c) from the district judge, recommended that the motion be granted. Plaintiffs filed detailed objections to the recommendation based in part on statistical evidence which they stated was not known to them or defendant at the time of the hearing before the magistrate judge on the motion for summary judgment. Defendant responded to the objections in detail, stating in conclusion that plaintiffs' objections failed to identify any genuine issue of material fact necessary to avoid summary judgment. The district court, in a brief order, found "that plaintiffs' contentions [had] either been adequately addressed and properly disposed of by the [magistrate judge] or present[ed] no particularized arguments that warrant[ed] specific responses by the [district court]." In light of plaintiffs' detailed objections to the magistrate judge's report and recommendation, and particularly the assertion that evidence not available to the magistrate judge in formulating his recommendation made out a genuine issue over material facts, we believe it appropriate to remand this case to the district court for a de novo determination[2] of whether defendant is entitled to summary judgment on plaintiffs' claims because there is no genuine issue over any material fact on the record as it now stands, or that the case must proceed to trial and, if so, on what issues. Plaintiffs are not entitled to review of "matters anew on issues never presented to the magistrate [judge]," Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir.1987). This case is REMANDED to the district court. We do not retain jurisdiction.
 
 
 2
 SO ORDERED.
 
 
 3
 SILER, Circuit Judge, dissenting.
 
 
 4
 I must respectfully dissent from the majority opinion because I feel a remand is unnecessary.
 
 
 5
 First, as the majority opinion very ably states, the matter that triggers the remand is evidence that was not presented to the magistrate judge in the first place. Thus, parties should not be allowed to raise issues or introduce evidence after the magistrate judge has ruled on the pending motion. See Pan American World Airways, Inc. v. Teamsters, 894 F.2d 36 (2d Cir.1990); Borden v. Secretary of HHS, 836 F.2d 4 (1st Cir.1987).
 
 
 6
 Second, even if the evidence which plaintiffs want to have considered is admitted, I fail to see its relevance in this case. This evidence is statistics on the racial composition of the student body of the school between the dates before the plaintiffs were hired and after they were terminated, that is, 1987-90. During this time, plaintiffs admit that the racial mix of the student body was predominately white, even when the plaintiffs were recruiting for the school. The white percentage went from 72% in 1987 before plaintiffs were hired, to 55% after they were hired in 1988, and, after termination, to 60% in 1989 and 75% in 1990. Finally, plaintiffs have failed to demonstrate a nexus between any change in the racial composition in the student body with the termination of the plaintiffs from their jobs as recruiters. Therefore, I would AFFIRM the decision of the district court.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The local rules for the United States District Court for the Southern District of Ohio, Western Division, Rule 1, provide generally for pretrial management of civil cases by a magistrate judge including a report and recommendation on case-dispositive motions
 
 
 [2]
 Including articulated reasons