21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
SURFACT, INC., Plaintiff, Appellant,
v.
SOUTH PEARL CHEMICAL, INC., Defendant, Appellee.
 No. 93-2263
 United States Court of Appeals, First Circuit.
 March 31, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Gilberto Gierbolini, U.S. District Judge ]
 David Efon and Kevin G. Little on brief for appellant.
 Gloria L. Lebron Nieves and Cobian & Valls, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge. Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Surfact, Inc., a Florida corporation, appeals the dismissal for lack of diversity jurisdiction of its action against appellee, South Pearl Chemical, Inc. We affirm.
 
 
 2
 * On February 1, 1988, appellant Surfact, entered into an exclusive dealership agreement with South Pearl Chemical, Inc. According to appellant, the agreement was illegally terminated on January 31, 1990, in violation of Puerto Rico Law 75, 10 L.P.R.A. Sec. 278. Appellant brought suit in the United States District Court for the District of Puerto Rico and invoked diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332. Appellee in turn moved to dismiss for lack of diversity. A magistrate judge issued a report and recommendation that the motion for dismissal be granted because both parties to the agreement were Florida corporations. The district court affirmed.
 
 II
 
 3
 The dispute in this case arises out of the fact that there have been two corporations with the name "South Pearl Chemical, Inc." One corporation [South Pearl Puerto Rico] was incorporated in 1984 in the Commonwealth of Puerto Rico. South Pearl Puerto Rico amended its corporate charter in July 1987 to change its corporate name to Ole South Pearl Chemical, Inc. The other corporation [South Pearl Florida] was incorporated in 1987 in the state of Florida. In May 1987, Ole South Pearl transferred all its "assets and business" to South Pearl Florida in exchange for 800 shares of South Pearl Florida common stock.[1] However, the corporations remained separate entities. The exclusive dealership agreement between Surfact and South Pearl Chemical, Inc. was entered into almost ten months after the transfer of assets between Ole South Pearl and South Pearl Florida.
 
 
 4
 Surfact asserts that it entered into the exclusive dealership agreement with Ole South Pearl. The district court, however, found that the exclusive dealership contract had been entered into by Surfact and South Pearl Florida. Hence, diversity of parties was absent. We review findings of jurisdictional facts only for clear error. See, e.g., Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1178 (11th Cir. 1993); Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).
 
 
 5
 The district court's finding is supportable in the record. Prior to the signing of the exclusive dealership agreement, all Ole South Pearl's "assets and business" were transferred to South Pearl Florida. From this, the court could have inferred that, at the time of the exclusive dealership agreement, South Pearl Florida was the only active corporation and thus the only one which would have entered into the agreement with Surfact. This inference is confirmed not only by the fact that, by the time of the agreement, South Pearl Puerto Rico had changed its name to Old South Pearl, but also by tax records, which show that, after the transfer of assets, South Pearl Florida was an active corporation with net sales of over $1,600,000 in 1988 and $4,000,000 in 1989, whereas there is no record of any tax reports having been filed by Ole South Pearl after 1987. Finally, Heraclio Prieto, who signed the agreement on behalf of South Pearl Chemical, Inc., filed a sworn affidavit stating that he did so as a representative of South Pearl Florida. Although other evidence in the record might support a contrary finding, the district court's finding is not clearly erroneous. See Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 11 (1st Cir. 1991) (no clear error where factfinder chooses between two permissible views of the evidence).[2]
 
 
 6
 Affirmed.
 
 
 
 [1]
 The transfer agreement, dated May 31, 1987, refers to Old South Pearl, Inc., even though the amendment to the corporate charter changing the name was not filed until July 24, 1987
 
 
 [2]
 Appellant also contends that the district court erred in dismissing the case before granting appellant an adequate opportunity to conduct discovery relevant to the motion to dismiss. However, this objection was not raised before the magistrate judge or in appellant's objection to the recommendation and report of the magistrate judge. It, therefore, cannot be raised before this court. See Borden v. Secretary of Health & Human Services, 836 F.2d 4, 6 (1st Cir. 1987) (argument which could have been but was not presented to magistrate in first instance is waived on review)