27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joan L. RUNDA, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2876.
 United States Court of Appeals, Seventh Circuit.
 Argued April 7, 1994.
Decided June 15, 1994.
 
 1
 Before FLAUM and ROVNER, Circuit Judges, and CRABB, Chief District Judge.[1]
 
 
 2
 In this appeal from the denial of an application for disability insurance benefits under the Social Security Act, plaintiff-appellant Joan L. Runda contends that the district court erred in two respects: in denying her motion to remand the matter to the Secretary for the consideration of new evidence and in refusing to review the decision of the Secretary denying her application for disability insurance benefits. We affirm the district court's decision. The additional evidence supporting the request for remand was neither new nor material and Runda waived her right to obtain review of the Secretary's decision by failing to challenge that decision when the matter was before the United States Magistrate Judge for preparation of a Report and Recommendation.
 
 
 3
 The record shows that at the time of the hearing before the administrative law judge, Runda was 53 years old and was trained in office skills, including bookkeeping. She asserted that she was disabled by chronic fatigue and depression. In 1986, she had undergone a lumpectomy to remove breast cancer tumors and had followed this with a course of radiation and chemotherapy. In 1989, her treating physician found her breast cancer in remission and no sign of any other cancer. He noted Runda's complaints of malaise and weakness but could find no definable cause. The following month, an allergist diagnosed Runda as having chronic fatigue syndrome and recurrent respiratory infections. During the rest of the year, she underwent further testing for the syndrome by various doctors. One of these, Dr. Robert Baker, stated that it was possible Runda had chronic fatigue syndrome, although her physical examination was unremarkable.
 
 
 4
 At Runda's hearing, a medical adviser testified that the evidence established that Runda had an established diagnosis of chronic fatigue syndrome as of November 1, 1988, but that the diagnosing allergist's description of her fatigue was not sufficiently detailed to permit him to determine the extent to which the fatigue restricted her activity. The administrative law judge found that Runda's possible chronic fatigue syndrome and reactive depression did not meet or equal any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App. 1, either individually or in combination. He determined that Runda's subjective complaints were not credible, except for the period from January 1989 to about October 1989, when she was suffering from depression, and that she maintained the residual functional capacity to perform sedentary work, including her past relevant work. This determination led to a finding that Runda was not disabled within the meaning of the Act. The Appeals Council denied Runda's request for review, leaving the administrative law judge's decision as the final decision of the Secretary.
 
 
 5
 Runda filed an action in the district court. In her complaint, she stated:
 
 
 6
 The determination made by the Defendant that the Plaintiff is not entitled to disability insurance benefits was not supported by substantial evidence. More specifically, subsequent to the ALJ hearing ... a deposition ... of Plaintiff's treating physician, Dr. Robert L. Baker ... indicates Dr. Baker diagnosed Plaintiff as having Chronic Fatigue Syndrome, said diagnosis being made over a period of several months. Dr. Baker further stated Plaintiff "probably had been suffering from Chronic Fatigue Syndrome for at least two years."
 
 
 7
 Wherefore, the Plaintiff prays that the Court review the findings and determinations of Defendant and establish for disability insurance benefits according to the applicable law, give serious consideration and order a remand for a de novo hearing....
 
 
 8
 The case was referred to a United States Magistrate Judge. Runda argued that the matter should be remanded to the Secretary under the sixth sentence of 42 U.S.C. Sec. 405(g), which permits a court to remand a case to the Secretary to consider additional evidence if the evidence is new and material and there is good cause for not introducing it during the administrative proceedings. Runda wanted the Secretary to have a chance to consider a deposition of Dr. Baker, who had made a definite diagnosis of chronic fatigue syndrome and who testified at the deposition to his belief that as of December 1989, plaintiff had been suffering from chronic fatigue syndrome for at least two years. In addition, he described the limitations experienced generally by individuals who have chronic fatigue syndrome.
 
 
 9
 The magistrate judge found the deposition testimony was not "new and material" but was merely cumulative of evidence already in the record. He concluded that Runda had not shown a reasonable possibility that consideration of the deposition would have changed the outcome of the proceeding. Therefore, he recommended denial of Runda's motion to remand.
 
 
 10
 Filing objections to the magistrate judge's report and recommendation, Runda argued that Dr. Baker's diagnosis of her condition was material because the administrative law judge had not accepted the diagnosis of chronic fatigue syndrome, as the magistrate judge had seemed to believe. She asserted that "Dr. Baker's diagnosis of [chronic fatigue syndrome] in the deposition was the first such diagnosis with any support in the record." Plaintiff's Objections to Magistrate Judge's Report and Recommendation at 6. Also, she argued that the district court could, and should reach the merits of the Secretary's decision because the magistrate judge had made a careful review of the record, despite what plaintiff conceded was her failure to brief the merits of the decision when the matter was before the magistrate judge.
 
 
 11
 The district judge rejected Runda's argument that the Baker deposition added important new information to the record. The court noted that the administrative law judge had had the benefit of the diagnosis of chronic fatigue syndrome: he knew that both the medical adviser and the allergist believed plaintiff did suffer from chronic fatigue syndrome and that Dr. Baker believed it was possible Runda was suffering from the condition. The court found "puzzling" Runda's assertion that the Baker diagnosis in the deposition was the only one "with any support," when the deposition testimony contained no mention of any clinical or laboratory findings. We agree with both the district judge and the magistrate judge that the deposition contained nothing new or material with the potential to change the outcome of the administrative hearing.
 
 
 12
 The district court denied Runda's request to review the merits of the Secretary's decision because Runda had not raised that issue before the magistrate judge and had not shown compelling reasons why the district court should entertain argument on the issue. This decision was correct. When the court provides parties a full opportunity to raise and argue the merits of their cases, it may treat as waiver the parties' failure to take advantage of that opportunity, unless the parties can show that the failure was the result of exceptional circumstances. See, e.g., Greenhow v. Secretary of Health & Human Services, 863 F.2d 633, 638-39 (9th Cir.1988); Borden v. Secretary of Health & Human Services, 836 F.2d 4, 6 (1st Cir.1987) (parties must take before the magistrate judge " 'not only their best shot, but all their shots' ") (quoting Singh v. Superintending School Committee, 593 F.Supp. 1315, 1318 (D.Me.1984). Runda has not shown the existence of any exceptional circumstances existed that prevented her from arguing the merits of the Secretary's decision to the magistrate judge.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The Hon. Barbara B. Crabb, Chief Judge for the Western District of Wisconsin, is sitting by designation