Bruce **THORNDIKE** and Letitia N. **Jordan**, as next friends of Christopher Thorndike, a minor Plaintiffs

v.

**DAIMLERCHRYSLER CORPORATION, et al., Defendants**

No. CIV. 00–198–B–W.

United States District Court, D. Maine.

Oct. 27, 2003.

Dort S. Bigg, Wiggin & Nourie, Manchester, NH, Stephen B. Wade, Skelton, Taintor & Abbott, Auburn, ME, for Thorndike, Letitia N Jordan, As next friend of Christopher Thorndike a minor.

Peter M. Durney, David W. McGough, Cornell & Gollub, Boston, MA, Thomas A. Norton, Miller, Canfield, Paddock & Stone, PLC, Troy, MI, for Daimler Chrysler Corporation, Defendant.

Crystal L. Bulges, Thomas C. Newman, Timothy H. Boulette, Murray, Plumb & Murray, Portland, ME, for Ingersoll Fasteners, IFastGroup, Inc.

### ORDER AFFIRMING THE RECOMMENDED DECISIONS OF THE MAGISTRATE JUDGE

WOODCOCK, District Judge.

This Order addresses the following issues pending in the matter:

1. Magistrate Judge's Recommended Decision Denying Defendant DaimlerChrysler Corporation's Motion to Preclude Dr. Franck's Testimony and Granting DaimlerChrysler Corporation's Motion for Summary Judgment on Punitive Damages (Docket # 156);

2. Magistrate Judge's Recommended Decision Denying Defendant Ingersoll Fastener's Motion for Summary Judg-

ment and Granting Ingersoll Fastener's Motion to Strike Portions of Dr. Guenther's Testimony (Docket # 157); and

3. Magistrate Judge's Memorandum of Decision on *Daubert* Motions (Docket # 159).

4. Ingersoll Fastener's Motion for Leave to File Consolidated Reply (Docket # 169).

I have reviewed the recommended decisions and the Memorandum Decision, together with the entire record. I have made a *de novo* determination of all matters adjudicated by the recommended decisions. I have also reviewed the Memorandum Decision pursuant to Federal Rule Civil Procedure 72(a). Based on this review, I concur with the recommendations of the Magistrate Judge as set forth in her recommended decisions and with the Memorandum of Decision. Further, I deny Ingersoll Fastener's ("Ingersoll") Motion for Leave to File a Consolidated Reply. The remainder of this Order is necessary only to address the various objections to the recommended decisions and the Memorandum Decision raised by the parties. (Docket # 158, 161, 163, 164, 165, 166, 168, 171, 172, and 173).

## A. DaimlerChrysler's Motion for Summary Judgment on Punitive Damages

■ In their Objection to the Recommended Decision regarding punitive damages (Docket # 158), the Plaintiffs argue that the Magistrate Judge should have applied a "conscious disregard for the safety of others" standard to the imposition of punitive damages, noting that the Maine Supreme Judicial Court left open the proper punitive damages standard in products liability cases in *Tuttle v. Raymond,* 494 A.2d 1353, 1359 n. 20 (Me.1985). In response, Defendant DaimlerChrysler Corporation ("DaimlerChrysler") contends

that the Plaintiffs failed to raise this precise argument before the Magistrate Judge and, therefore, are precluded from raising it at this time.

The Plaintiffs answer by apologizing for any misunderstanding or confusion that may have resulted from "the wording" of their argument (Docket # 158, p. 1) and noting that the very last sentence of their Memorandum in Opposition to the Defendant's Motion for Summary Judgment on Punitive Damages ("Memorandum") contained the following statement:

> Plaintiff respectfully submits that the jury should be able to consider awarding punitive damages against DaimlerChrysler Corporation because giving the Plaintiff the benefit of all favorable inferences as the Court must do, the conduct of DaimlerChrysler rises to the level of conscious indifference such that malice may be implied.

(Docket # 133, p. 24).

The question before this court is whether the Plaintiffs, when before the Magistrate Judge, sufficiently framed their argument that a "conscious indifference" standard, as opposed to *Tuttle*'s "implied malice" standard, should be applied. This court concludes that the Plaintiffs did not. Although the Plaintiffs can point to the last sentence of their Memorandum, it is also true that the Memorandum contains no other mention of a "conscious indifference" standard. To the contrary, in the body of the Memorandum, the Plaintiffs summarize their punitive damages argument as follows:

> In summary, when confronted with the issue of whether punitive damages are available for products liability cases, federal courts simply apply the respective state's standard for punitive damages which, in Maine, is "implied malice" pursuant to *Tuttle.*

(Docket # 133, p. 23). A clearer summary statement of the Plaintiffs' argument is hard to imagine.

If this were only a conflict between summary statements, the question of whether the Plaintiffs raised the "conscious indifference" standard before the Magistrate Judge would be more difficult. However, a careful comparison between the cases cited by the Plaintiffs before the Magistrate Judge and this court confirms that the Plaintiffs never properly brought the "conscious indifference" standard to the attention of the Magistrate Judge.

In their Objection to the Recommended Decision regarding punitive damages, the Plaintiffs cited *Lockley v. Deere and Co.*, 933 F.2d 1378, 1389 (8th Cir.1991), for the proposition that malice may be implied and punitive damages may be assessed in the context of a products liability action where there is evidence that the defendant acted with "conscious indifference to the consequences." (Docket # 158, p. 2). They buttressed this position by citing *Owens–Illinois, Inc. v. Zenobia*, 325 Md. 420, 601 A.2d 633 (1992); *G.D. Searle and Co. v. Superior Court*, 49 Cal.App.3d 22, 122 Cal. Rptr. 218 (1975); *Collins v. Interroyal Corp.*, 126 Ill.App.3d 244, 81 Ill.Dec. 389, 466 N.E.2d 1191 (1984); *Angotti v. Celotex*, 812 S.W.2d 742 (Mo.Ct.App.1991); and several law review articles. (Docket # 158, pp. 7–15). However, one looks in vain for these citations in the Memorandum before the Magistrate Judge. In fact, the Plaintiffs failed to cite *any* legal authority whatsoever in their Memorandum before the Magistrate Judge for the proposition that they are urging before this court. There, the Plaintiffs cited cases in which the courts have only, as the Plaintiffs correctly stated, applied their "respective state's punitive damage standard" to product liability litigation. (Docket # 133, p. 21) (citing *Jimenez v. Chrysler Corp.*, 74

F.Supp.2d 548 (D.S.C.1999); *Dorsey v. Honda Motor Company, Ltd.*, 655 F.2d 650 (5th Cir.1981); *Maxey v. Freightliner Corp.*, 722 F.2d 1238 (5th Cir.1984); and *McConnell v. Cosco, Inc.*, 238 F.Supp.2d 970 (S.D.Ohio 2003)).

In fairness to the court and the parties, the Plaintiffs cannot argue by indirection. They cannot clearly set forth what appears to be their main argument, fully supported by case law, and then, failing at the magistrate level, contend their main point all along was a point only obliquely mentioned and unsupported by authority in their Memorandum before the Magistrate Judge. When a pretrial motion is referred to a magistrate judge, a party must raise before her all pertinent issues generated by the motion and make known to her all of its arguments, contentions, and statements of position on which it relies to achieve a favorable decision. *Singh v. Superintending Sch. Comm.*, 593 F.Supp. 1315, 1318 (D.Me.1984). A party is not entitled to a *de novo* review by a district judge of an argument never seasonably raised before the magistrate judge. *Fireman's Ins. Co. v. Todesca Equip. Co., Inc.*, 310 F.3d 32, 38 (1st Cir. 2002); *see Borden v. Sec'y of Health and Hu. Serv.*, 836 F.2d 4, 6 (1st Cir.1987) ("Parties must take before the magistrate, not only their best shot, but all of their shots") (citation omitted). Allowing parties to present arguments not raised before the magistrate judge would frustrate the Magistrate Judge Act's purpose of relieving courts of unnecessary work. *Id.*; *Singh*, 593 F.Supp. at 1318. Additionally, a plaintiff is responsible for making his claim with sufficient specificity to enable the magistrate judge and the defendant to understand the elements of his legal theory. *International Tape Co., Inc. v. Technicote, Inc.*, 2000 WL 33667076, *3 (D.N.H. 2000). The court is not obligated to do the

plaintiff's homework; instead, the plaintiff must conduct the necessary research and construct the appropriate arguments. *E.g., id.; United States v. Torres–Rosa,* 209 F.3d 4, 7 (concluding that it is not the court's obligation "to do counsel's homework"); *see also Kauthar SDN BHD v. Sternberg,* 149 F.3d 659, 668 (7th Cir.1998) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel") (citation omitted), *cert. denied,* 525 U.S. 1114, 119 S.Ct. 890, 142 L.Ed.2d 788 (1999); *Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 260 (1st Cir.1999) ("The district court is free to disregard arguments that are not adequately developed").

Here, the Plaintiffs did not adequately raise their current argument before the Magistrate Judge. Accordingly, they may not make the argument at this time.[1]

## B. Ingersoll's Motion for Summary Judgment

This court concurs with the recommendation of the Magistrate Judge regarding Ingersoll's Motion for Summary Judgment (Docket # 91, 92).

In its Objection to the Recommended Decision (Docket # 161), Ingersoll claims that the Magistrate Judge failed to address its argument that it is entitled to summary judgment as to each of the Plaintiffs' charges against it because Daimler-Chrysler's use of the bolt was not reasonably foreseeable. DaimlerChrysler claims that its use of the bolts was reasonably foreseeable and both DaimlerChrysler and the Plaintiffs allege that the bolts were defective. Thus, there is a genuine issue as to this fact and the Magistrate Judge properly denied Ingersoll's motion.

## C. *Daubert* Motions

This court concurs with the Memorandum Decision of the Magistrate Judge regarding the *Daubert* motions (Docket # 159).

Ingersoll complains that the Magistrate Judge failed to address its argument to strike portions of the testimony of Dr. McSwain, the Plaintiffs' metallurgist, relating to his finite stress analysis because Dr.

---

1. If the Plaintiffs had adequately made their current argument before the Magistrate Judge, the Defendant's conduct would not satisfy the "conscious disregard" standard, even when the evidence is viewed in the light most favorable to the Plaintiffs. The Plaintiffs' proposed standard requires that the Defendant not only have actual knowledge of the defect, but also that it act in conscious or deliberate disregard of the harm posed by that defect. (Docket # 158, p. 11) (citing *Owens–Illinois,* 601 A.2d at 653). Courts have treated the terms "conscious disregard" and "deliberate disregard" as terms of art, typically requiring an "indifference to threatening the lives of others," *e.g., Hern v. Bankers Life Co.,* 133 F.Supp.2d 1130, 1133 (D.Minn. 2001), "careful thought," or a "weighing of the considerations and consequences," *e.g., Berry v. Fife,* 590 So.2d 884, 886 (Ala.1991). Here, there is insufficient evidence to show that the Defendant's conduct fell within the standard that the Plaintiffs themselves propose.

Further, the court is not convinced that Maine, if presented with the issue, would adopt a "conscious disregard" punitive damages standard in products liability cases in place of *Tuttle*'s "implied malice" standard. The *Tuttle* Court recognized it was adopting a punitive damages standard stricter than that of other jurisdictions and yet adopted not only a higher legal standard, but also a higher evidentiary standard. *Tuttle,* 494 A.2d at 1361–63. The Plaintiffs' argument assumes the *Tuttle* footnote means Maine would carve out a less stringent standard for the imposition of punitive damages in a products liability context and it would be sufficiently less stringent to allow Plaintiffs, based on the record before the court, to sustain their punitive damages claim. The court can make neither assumption.

McSwain conducted the analysis in response to the work of Ingersoll's expert and the Plaintiffs did not disclose it properly. Ingersoll's position is misguided in that there is evidence that the Dr. McSwain conducted and disclosed his analysis in a timely manner (*e.g.,* Docket # 172, p. 7) (citing Dr. McSwain's January 29, 2003, affidavit). *See also McCoy v. Whirlpool Corp.,* 214 F.R.D. 646, 652 (D.Kan.2003) (stating that civil rule requiring expert report "does not require that a report recite each minute fact or piece of scientific information that might be elicited on direct examination to establish the admissibility of the expert opinion under *Daubert.* Nor does it require the expert to anticipate every criticism and articulate every nano-detail that might be involved in defending the opinion on cross-examination at a *Daubert* hearing"). Thus, this court agrees with the Magistrate Judge's decision to leave Dr. McSwain's testimony intact.

### D. Conclusion

THEREFORE, IT IS ORDERED that the Magistrate Judge's recommended decisions (Docket # 156 and 157) and Memorandum Decision (Docket # 159) are AFFIRMED and the parties' objections to the recommended decisions (Docket # 158, 161, 163, 164, 165, 166, 168, 171, 172, and 173) are OVERRULED.

Further, it is ORDERED that Ingersoll's Motion for Leave to File a Consolidated Reply (Docket # 169) is DENIED.