**UNITED STATES of America,**

v.

**Brian GRANT Defendant.**

**No. CR–04–45–B–W.**

United States District Court,
D. Maine.

Dec. 14, 2004.

Daniel J. Perry, Office of the U.S. Attorney, District of Maine, Bangor, ME, for USA, Plaintiff.

Christopher R. Largay, Bangor, ME, for Brian Grant, Defendant.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

WOODCOCK, District Judge.

Objecting to the Magistrate Judge's Recommended Decision, the Defendant seeks to argue an issue not raised before the Magistrate Judge, premised on the incorrect conclusions that a protective sweep was illegal under *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990) and a search warrant was thereby tainted under *Murray v. United States*, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). This Court affirms the Recommended Decision of the Magistrate Judge and denies the Defendant's Motion to Suppress.

## I. THE RECOMMENDED DECISION

The United States Magistrate Judge filed with the Court on October 27, 2004 her Recommended Decision. The Defendant filed his objections to the Recommended Decision on November 15, 2004. This Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. This Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision and herein. This Court determines no further proceeding is necessary.

## II. THE *MURRAY v. UNITED STATES* ARGUMENT

In his Objection, Defendant asserts the Magistrate Judge "failed to consider the application of *Murray v. United States.*" *Defendant's Objection to the Recommended Decision* at 3. First, any *Murray* violation is premised on an illegal search and this Court agrees with the Magistrate Judge that the protective sweep met *Maryland v. Buie* standards. *See Buie*, 494 U.S. at 327, 110 S.Ct. 1093. Second, the Defendant himself failed to mention *Murray* in his motion to suppress and failed to engage in a *Murray* analysis.[1] He, therefore, waived his right to object to

---

**1.** If the Defendant raised the issue, he did so most obliquely. He objected to the issuance of the warrant on the Edinburgh property on the ground that it "lacked probable cause and the motivation to apply for the warrant was based upon illegally gathered evidence." *Defendant's Motion to Suppress* at 3. The Defendant's argument on this point consisted of one paragraph unsupported by any case citation. There is no mention in the Defendant's motion to suppress of the independent source doctrine; no citation of the *Murray* case; no analysis of the affidavits supporting the application for the search warrant; and, no reference to the application itself. At the very least, *Murray* would have afforded the Defendant an argument for an "evidentiary hearing on the causation issue." *United States v. De Los Santos Ferrer*, 999 F.2d 7, 10 (1st Cir. 1993). Neither party requested an evidentiary hearing before the Magistrate Judge. In its response, the Government cited and analyzed *Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984), an independent source case, and the Magistrate Judge reviewed *Segura* in her Recommended Decision. But, the *Murray* argument was not squarely raised by the Defendant until after the Magistrate Judge's Recommended Decision. *United States v. Vega*, 678 F.2d 376 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980); *Singh*, 593 F.Supp. 1315, 1318 (D.Me.1984) ("Failure to make an argument thus constitutes its waiver for purposes of further appellate review of the magistrate's action.").

this part of the Recommended Decision. *Fireman's Ins. Co. v. Todesca Equip. Co., Inc.*, 310 F.3d 32, 38 (1st Cir.2002); *see Borden v. Sec'y of Health and Human Services*, 836 F.2d 4, 6 (1st Cir.1987) ("Parties must take before the magistrate, 'not only their "best shot," but all of their shots' ") (quoting *Singh v. Superintending Sch. Comm.*, 593 F.Supp. 1315, 1318 (D.Me.1984)).

Third, applying *Murray*, the Magistrate Judge's Recommended Decision is correct. *Murray* addressed the "independent source doctrine," a concept originally applied in the exclusionary rule context. *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920) (Holmes, J.). As *Murray* framed the issue, the question is "whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence at issue..." *Murray*, 487 U.S. at 542, 108 S.Ct. 2529. Thus, the Court must focus on whether "the agents' decision to seek the warrant was prompted by what they had seen during the initial entry or if information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant." *Id.*

In her recitation of facts, the Magistrate Judge found the police officers "decided to secure the defendant while a search warrant for the Edinburgh structure and the defendant's Old Town residence could be obtained." *Recommended Decision* at 2–3. They performed a brief sweep of the Edinburgh residence while other agents secured the Old Town residence. *Id.* She concluded once "the warrants were obtained, agents conducted searches of both locations." *Id.* at 3.

 More specifically, based on prior information Mr. Grant was using the Edinburgh premises as part of a marijuana manufacturing operation, Agents Ralph Bridges and Brad Johnston were conducting surveillance of his Edinburgh property on May 7, 2002. Fearing Mr. Grant had discovered them, the Agents arrested him and looked inside the Edinburgh building "to determine if anyone else was inside." *Affidavit of Agent Bridges* at 2. The Agents were inside the premises for "one to two minutes and only looked into places where a person could be." *Id.* at 2–3. They secured the premises. Agent Bridges proceeded to Bangor, where he met with a state prosecutor to complete a search warrant. The warrant was finished and taken to a state judge, who approved a search of both the Edinburgh and Old Town properties. Agent Bridges went to Edinburgh and another agent went to Old Town to execute the approved warrant.

Agent Bridges' May 7, 2002 application for a search warrant of both properties mentioned the brief sweep of the Edinburgh property in the Affidavit as follows:

> I asked Grant if anyone was inside the building. He said he did not know. I asked him again and he stated he did not know. Fearing that in the time it took to apply for a warrant, evidence could be destroyed inside the building, S/A Johnston took the keys from Mr. Grant and S/A Johnston looked inside the building, just to determine if anyone else was inside. We were inside for approximately one to two minutes and only looked into places where a person could be. The interior is divided into approximately three big rooms, and the cellar is open. The building did not appear to be a residence. After confirming that no one else was inside we locked the building and secured it from the outside.

*May 7, 2002 Warrant Application* at 6. In this Court's view, the search warrant based on this Affidavit could not have been tainted by the scant information gleaned

from the protective sweep of the Edinburgh premises. The Affidavit contains four innocuous facts regarding the Edinburgh property: 1) that the interior of the building was divided into three big rooms; 2) that the cellar was open; 3) that the building did not appear to be a residence; and, 4) that there was no one inside.

By contrast, the same Affidavit contained a plethora of information about activity emanating from the Edinburgh residence consistent with an illegal marijuana manufacturing operation, including: 1) observations as early as November 2001 of a marijuana grow site near the Edinburgh property; 2) confirmation from a concerned citizen; 3) the presence of two additional marijuana grow sites near the property; 4) the absence of windows in the Edinburgh site; 5) the presence of no trespassing signs around the property; and, 6) the discovery of marijuana stems, stalks, shake and leaves near the metal gate by the driveway.

This Court concludes the evidence supporting the search warrant was "in fact a genuinely independent source of the information and tangible evidence at issue..." *Murray*, 487 U.S. at 542, 108 S.Ct. 2529. The search warrant was not based on information gathered during the protective sweep and even if the sweep were illegal, which this Court agrees it was not, the search warrant is valid under *Murray*.[2]

This Court concludes:

1) the protective sweep met *Maryland v. Buie* standards and did not implicate *Murray v. United States;*

2) the Defendant waived the *Murray* argument by failing to squarely present it to the Magistrate Judge; and,

3) if not waived and if the protective sweep violated *Buie*, the search warrant was issued based on a genuinely independent source within the meaning of *Murray*.

## III. CONCLUSION

1. It is therefore *ORDERED* that the Recommended Decision of the Magistrate Judge is hereby *AFFIRMED*.

2. It is further *ORDERED* that Defendant Grant's Motion to Suppress is *DENIED*.

**SO ORDERED.**

---

2. Having waived an evidentiary hearing before the Magistrate Judge, the Defendant now requests one before this Court. Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court referred the Defendant's motion to Magistrate Judge Kravchuk "to *conduct hearings, including evidentiary hearings,* and to submit to a judge of the court proposed findings of fact and recommendations for...disposition." *Id.* (emphasis added). Neither party requested an evidentiary hearing and the Magistrate Judge found only one, non-essential fact to be in dispute. *Recommended Decision* at 2 n. 1.

Although this Court retains the authority to order an evidentiary hearing even in the absence of one before the Magistrate Judge, judicial efficiency encourages the parties to follow the Court's directive and, if an evidentiary hearing is necessary, to request one before the Magistrate Judge, not to wait and see whether the Recommended Decision is favorable and then make the request. This Court concludes, as did the parties and the Magistrate Judge, no evidentiary hearing is necessary and DENIES Defendant's request for one.