29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthew Lee BOLAR, Petitioner-Appellant,
v.
James BLODGETT, Respondent-Appellee.
 No. 93-35326.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.*
Decided July 18, 1994.
 
 Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthew Lee Bolar, a Washington state prisoner, appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. Sec. 2254. Bolar was charged with first degree murder and, based on an enormous quantum of evidence, was convicted of the lesser included offense of second degree murder. He was sentenced to 144 months in prison. He filed a direct appeal, and a personal restraint petition ("PRP"), which the Washington Court of Appeals consolidated treating the PRP as a supplemental brief challenging the trial court's judgment. The Court of Appeals affirmed the trial court's judgment on all issues. Bolar then petitioned for review in the Washington Supreme Court. He supplemented his petition with a brief claiming ineffective assistance of counsel. The Supreme Court denied review on the merits.
 
 
 3
 Bolar then filed this petition for habeas corpus relief in the United States District Court for the Western District of Washington. The petition, although raising numerous claims, did not claim that the jury was improperly instructed on the intent element of accomplice liability or that the state was required to amend the information before it could try him as an accomplice, two issues which he now raises on appeal.
 
 
 4
 The respondent moved to dismiss the petition for failure to exhaust available state court remedies. The matter was committed to a magistrate judge for a report and recommendation. On January 7, 1992, the magistrate judge detailed the claims presented in Bolar's petition and recommended that the district court dismiss the petition without prejudice based upon Bolar's failure to exhaust available state court remedies or to show cause and prejudice for his procedural default. On January 24, 1992, Bolar filed objections to the magistrate judge's report and recommendation. On April 30, 1992, the district court rejected the magistrate judge's recommendation, concluding instead that Bolar's claims had been exhausted. The district court issued an order which listed the claims presented in Bolar's petition, denied the motion to dismiss, and recommitted the matter to the magistrate judge for further proceedings.
 
 
 5
 On June 9, 1992, respondent filed a motion for summary judgment. On September 15, 1992, the magistrate judge issued a report, recommending that the district court grant respondent's motion for summary judgment. On October 22, 1992, Bolar filed his objections to the September 15 report and recommendation. In his objections, he claimed for the first time that the state should have amended its information to reflect its intention to proceed on a theory of accomplice liability. On November 13, 1992, the district court rejected Bolar's objections and adopted the magistrate judge's September 15 report and recommendation. The district court entered summary judgment for respondent.
 
 
 6
 We agree with the district court's decision on the merits. Moreover, although the district court had the discretion to consider Bolar's allegation raised for the first time in his October 22 objections, it did not abuse that discretion when it declined to consider the new claim. The purpose of the Magistrates Act would be frustrated if we were to require a district court to consider a claim presented for the first time after the party has fully litigated his claims before the magistrate judge and found that they were unsuccessful. See Greenhow v. Secretary of Health & Human Serv., 863 F.2d 633, 638 (9th Cir.1988), overruled on other grounds, United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992). Bolar's claim that the state should have amended the information is therefore in the same posture as his claim regarding the accomplice liability jury instructions. Each claim was neither contained in his petition nor addressed by the district court and hence we will not review them. Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (denying review of claim not contained in petition and not addressed by district court).
 
 
 7
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3