**Nelson Alexander KIRK, Petitioner,**

v.

**Robert MEYER, et. al., Respondents.**

**No. CIV.A.01–5410.**

United States District Court,
E.D. Pennsylvania.

Aug. 18, 2003.

Nelson Alexander Kirk, Bellefonte, PA, for Pro se.

J. Hunter Bennett, Thomas W. Dolgenos, District Attorney's Office, Philadelphia, PA, for Respondents.

## MEMORANDUM

ROBRENO, District Judge.

Nelson Kirk ("Petitioner" or "Kirk"), a state prisoner, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on three grounds: (1) "denial of right of appeal," properly understood as an allegation of ineffective assistance rendered by counsel during the direct appeal process, (2) ineffective assistance of trial counsel, and (3) prosecutorial misconduct. Before the court is the Magistrate Judge's Report and Recommendation recommending that the petition be denied and dismissed, and Kirk's Objection to the Report and Recommendation. For the reasons that follow,[1] the Magistrate Judge's Report and Recommendation will be adopted, and Kirk's petition will be denied.

## I. DISCUSSION

### A. The Issues Before the Court

The Federal Rules of Civil Procedure require a district court to review de novo "any portion of [a] magistrate judge's disposition to which specific written objection has been made . . . ." Fed.R.Civ.P. 72(b). Therefore, before the court may proceed to evaluate the merits of Kirk's habeas petition, the court must determine what issues that it may consider, given that Kirk has presented many new issues, i.e., issues not included in the habeas corpus petition and therefore not reviewed by the Magistrate Judge, to the court in the guise of "objections" to the Magistrate Judge's Report and Recommendation.

■ Although the Third Circuit has remained silent on the precise issue, the vast majority of authority holds that a district court may properly refuse to hear claims not first presented to the assigned Magistrate Judge. *See United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir.1992); *Bowen v. Blaine,* 243 F.Supp.2d 296, 320 n. 13 (E.D.Pa.2003) (Robreno, J.) (citing *Borden v. Sec'y of Health and Hum. Services,* 836 F.2d 4, 6 (1st Cir.1987) and *Singh v. Superintending Sch. Comm. of Portland,* 593 F.Supp. 1315, 1318 (D.Me.1984)); *Cohen v. Horn,* No. Civ. A. 97–7175, 1998 WL 834101, at *6 (E.D.Pa. Dec. 2, 1998) (Yohn, J.); *Hammock v. Vaughan,* No. Civ. A. 96–3463, 1998 WL 163194, at *1 (E.D.Pa. Apr. 7, 1998) (DuBois, J.); *Martinez v. United States,* Nos. Civ. A. 94–CV–5782, CRIM. 88–73–01, 1995 WL 572913, at *5 n. 9 (E.D.Pa. Sept. 28, 1995) (Rendell, J.); *Thomas v. Ryan,* Civ. A. No. 85–2459, 1988 WL 96806 at *1 (E.D.Pa. Sept. 14, 1988) (Pollak, J.).[2] This is so because "[t]he purpose of the Magistrates Act would be frustrated if . . . a district court [was required] to consider a claim presented for the first time after the party has fully litigated his claims before the magistrate judge and found that they were unsuccessful." *Bolar v. Blodgett,* 29 F.3d 630, 1994 WL 374194, at *1 (9th Cir.1994).

---

1. The court adopts by reference the account of the facts and procedural history of the case contained in the Magistrate Judge's Report and Recommendation.

2. The Local Rules of Civil Procedure in the Eastern District of Pennsylvania have recently been amended to reflect this position. Local Rule 72.1(IV)(c) now states that "[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice so requires it, new issues and evidence shall not be raised after the filing of the Magistrate's Report and Recommendation if they could have been presented to the Magistrate Judge." Local R. Civ. P. 72.1(IV)(c). The Local Rule was not in effect at the time that Kirk filed his habeas petition.

Given this guidance, the court declines to consider many of the claims that appear as objections to the Magistrate Judge's Report and Recommendation in this case. In his habeas petition, Kirk seeks relief on three grounds, namely (1) the denial of his right of appeal, (2) ineffective assistance of trial counsel, and (3) prosecutorial misconduct. In its entirety, the petition provides as follows:

> Defendant, during the direct appeal process, petitioned the higher state court for relief of counsel in order to pursue ineffective [assistance] of counsel claim. With the court's denial of this petition, counsel was allowed to further ambush appellant's rights.

> \* \* \* \* \* \*

> There was a conflict of interest at trial and throughout the appellant (sic) process. Counsel did nothing to preserve defendant's rights during trial by just sitting back. Every request the defendant made, counsel either ignored o[r] did the minimum.

> \* \* \* \* \* \*

> The prosecution either through knowledge before or after testimony further[ed] his case with false evidence and false testimony. Being an officer of the court, his duty is for fundamental fairness.

Petition at 9–10. Faced with this petition, the Magistrate Judge recommended dismissal on the grounds that (1) Kirk had shown no prejudice resulting from allegedly ineffective assistance of counsel during the direct appeal process, (2) Kirk had specified no single error on the part of trial counsel, the conflict of interest under which his counsel had purportedly labored, or any resulting prejudice from the same that affected the trial of his case, and (3) Kirk had not demonstrated that the Superior Court, which rejected his al-legations of prosecutorial misconduct as it evaluated his PCRA petition, had rendered a decision that was contrary to the decisions of the Supreme Court or represented an unreasonable determination of the evidence presented at trial. Report and Recommendation at 2–5. It is to this understandably brief Report and Recommendation that Kirk has filed numerous "objections."

Kirk's first objection is a reaction to and reargument of his claim that he was denied his right to appeal due to ineffective assistance of direct appeal counsel, and, given the rule discussed above, it is properly before the court in its entirety for de novo review.

Kirk's second objection, however, amounts to a somewhat incomprehensible laundry list of reasons why his trial counsel and/or direct appeal counsel was allegedly ineffective, as a result of (1) "failure to request [a]n evidentiary hearing into prior counsel's ineffectiveness" in a context where the defendant "want[ed] the record to reflect how prior counsel did nothing to help defendant's defense ... [and had in] fact eviscerated a[ ] once viable defense," (2) "failure to zealously advocate petitioner's cause during [a] Rule 1100 hearing" in which counsel failed to authenticate a docket sheet, (3) failure to object to the fact that the order of strikes and peremptory challenges at trial, which was supposed to alternate between the parties, had been confused and taken out of order, (4) failure to strike a female juror who, notwithstanding some initial reservations, ultimately told the judge that she could decide impartially in Kirk's case, (5) failure to object to one unspecified instance of hearsay testimony and to ask the judge for an instruction on hearsay, (6) failure to call an unnamed corroborating witness, (7) "failure to argue during summation issues favorable to the defense," and (8) "failure

to raise issues of arguable merit on appeal," namely the issue of ineffective assistance of trial counsel. Objection to the Report and Recommendation at 6–10. Moreover, Kirk writes that "[t]here were conflicting incentives, petitioner to get off by any means necessary and counsel preserving his relationship with the judge and the bailiff." Objection at 10. Not one of these allegations is properly before the court, as it was not presented to the Magistrate Judge.

Kirk's third objection, pertaining to the Magistrate Judge's recommendation on his claim of prosecutorial misconduct is, in substance, (1) "[t]he prosecutor, being an officer of the court and a seeker of justice, should never offer any testimony from a witness he has never interviewed," and that, if the district attorneys had interviewed the witness in question and had taken notes, such materials ought to have been turned over to the defense under *Brady,* and (2) that the prosecutor submitted into evidence an item that he "reasonably should have known was unauthentic." Objection at 12–13. Neither of these two claims is properly before the court, as

neither was presented to the Magistrate Judge.

Given that the form habeas petition that Kirk completed advised him that "YOU MUST INCLUDE ALL POTENTIAL CLAIMS AND SUPPORTING FACTS FOR WHICH YOU MIGHT DESIRE TO SEEK REVIEW BECAUSE A SECOND HABEAS PETITION CANNOT BE FILED EXCEPT UNDER VERY SPECIFIC AND RARE CIRCUMSTANCES ...." Petition at 1, Kirk was on notice that his habeas petition was to constitute a complete statement of all possible grounds for relief. Therefore, the court will limit its de novo review to Kirk's first, second and third claims for relief as they appear in his habeas petition, and, therefore, as they were presented to the Magistrate Judge. The court will not consider the additional arguments couched as "objections" to that Report and Recommendation.

### B. Denial of the Right to Appeal Claim

▮ Kirk's first claim for habeas relief appears to be a claim that he received ineffective assistance of counsel on his direct appeal.[3] This claim was fully litigated

---

3. To the extent that Kirk appears to be arguing that the Superior Court erred in denying his motion for withdrawal of appointed counsel, the claim is procedurally defaulted. In order to secure federal habeas review, petitioners must first prove that they have exhausted all available state remedies by "fairly present[ing]" their claims to the state courts. *Toulson v. Beyer,* 987 F.2d 984, 987 (3d Cir. 1993). Failure to exhaust state remedies generally results in the dismissal of the federal habeas petition. *Lines v. Larkins,* 208 F.3d 153, 159–60 (3d Cir.2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 785, 148 L.Ed.2d 681 (2001). When a claim has not been fairly presented to the state courts, but state procedural rules bar the petitioner from seeking further state relief, the claims are technically exhausted, but procedurally barred, *id.* at 160, and the claims may be considered by the federal habeas court only if the petitioner

proves either cause for the default and actual prejudice resulting, or that a fundamental miscarriage of justice has occurred, *Coleman v. Thompson,* 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), i.e., that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

In this case, Kirk's claim that the Superior and other courts erred in denying his motion for withdrawal of counsel was never placed before the Pennsylvania courts, and he cannot do so now. This is so because 42 Pa. Cons. Stat. Ann. § 9545 limits the availability of review of second or successive habeas petitions to situations in which "the petition alleges and the petitioner proves that" his failure to raise his claim was the result of (1) interference by government officials, (2) previously unknown facts not discoverable

on its merits during Kirk's collateral attack on his conviction. The Pennsylvania Superior Court, evaluating Kirk's PCRA petition and noting that Kirk "[p]resumably ... [was] arguing that counsel was ineffective for failing to raise the various issues contained within his PCRA petition while the case was on direct appeal," *Commonwealth v. Kirk*, No. 103 EDA 2000, slip op. at 9 (Pa.Super. May 23, 2001), found that Kirk had not proved that he had been prejudiced by allegedly ineffective assistance of trial counsel, because Kirk's allegations of trial error were without merit. *Id.* For the reasons that follow, the court concludes that Kirk has offered no basis for disturbing the Superior Court's finding.

 A "first appeal as of right ... is not adjudicated in accord with due process of law if the appellant does not have effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Establishing ineffective assistance of counsel under the familiar standard stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires a claimant to show first that "his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms," *United States v. Day* 969 F.2d 39, 42 (3d Cir.1992) (citing *Strickland*, 466 U.S. at 687–91, 104 S.Ct. 2052), by "identify[ing] the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Second, the petitioner must show preju-

dice, i.e., that there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Kirk's habeas petition, quoted in its entirety above, is devoid of any evidence on either of these prongs, nor does it suggest in concrete fashion that the Pennsylvania Superior Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law ...." 28 U.S.C. § 2254(d)(1) or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In light of this failure of proof, Kirk's claim for habeas relief on the basis that he was denied his right to appeal or suffered ineffective assistance of counsel on appeal must itself be denied.

## C. Ineffective Assistance of Counsel.

 It is well settled within the Third Circuit that vague and conclusory allegations are insufficient to establish ineffective assistance of counsel. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir.1991) (finding that the defendant could not "meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense") (citing *Mayberry v. Petsock*, 821 F.2d 179, 187 (3d Cir.1987)); *accord United States v. Waters*, Nos. CR. 00–483–03, CIV. A. 01–5381, 2002 WL

through the exercise of due diligence, or (3) a constitutional right newly recognized by the courts, *see* 42 Pa. Cons.Stat. Ann. § 9545(b)(1). Because Kirk raises no such allegations, he would be barred from raising his assertion that the courts erred in failing to grant Kirk's motion for withdrawal of counsel in a second PCRA petition presented to the

Pennsylvania courts. *See Lines*, 208 F.3d at 165. Moreover, because Kirk has not alleged cause for the default or actual innocence in his federal habeas petition in order to excuse his procedural default of this claim, the federal court may not now consider it. *See Coleman*, 501 U.S. at 749–50, 111 S.Ct. 2546.

552379, at *1 (E.D.Pa. April 11, 2002) (Kelly, J.); *Reid v. Price*, No. CIV. A. 98–3968, 2000 WL 992609, at *4 (E.D.Pa. July 17, 2000) (Shapiro, J.). As the Magistrate Judge noted, Kirk points to no single error and no specific conflict of interest on the part of counsel, but rather asserts merely that there was a "conflict of interest at trial and throughout the appella[te] process" and that counsel "did nothing to preserve the defendant's rights during trial by just sitting back" and ignoring unspecified requests by the defendant. Petition at 10. Because Kirk's claims amount to nothing more than conclusory allegations, Kirk has failed to prove that he is entitled to relief on his ineffective assistance of counsel theory.

### D. Prosecutorial Misconduct

■ Similarly, Kirk's third argument in favor of federal habeas relief, namely that the prosecutor "either through knowledge before or after testimony further[ed] his case with false evidence and false testimony," Petition at 10, fails for want of proof. Kirk's claim of prosecutorial misconduct was litigated on the merits throughout the appeals and PCRA process, and the Pennsylvania Superior Court, identifying the alleged misconduct as "inconsistencies in the testimony of the victim concerning the timing of certain events, and also the fact that the victim gave conflicting testimony about the shirt she was wearing at the time of the incident, which also partially contradicted testimony given by one of the investigating officers ...." *Commonwealth v. Kirk*, No. 103 EDA 2000, slip op. at 4, concluded that the inconsistencies were minor, and thus did not constitute evidence of prosecutorial misconduct. *Id.* Kirk's habeas petition does not identify his reasons for claiming prosecutorial misconduct, and thus does nothing to establish that the Superior Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law ...." 28 U.S.C. § 2254(d)(1) or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Therefore, Kirk is not entitled to relief on this basis.

## II. CONCLUSION

For the foregoing reasons, the court will adopt and approve Magistrate Judge Rueter's Report and Recommendation as supplemented by this memorandum and will deny Kirk's petition for habeas relief.

An appropriate order follows.

### ORDER

AND NOW, this day of **August, 2003**, upon consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. no. 1), and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (doc. no. 14), and petitioner's objection to the Report and Recommendation (doc. no. 16), it is hereby **ORDERED** as follows:

1. Petitioner's objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The petition for writ of habeas corpus is **DENIED**; and

4. There is no probable cause to issue a certificate of appealability.

**AND IT IS SO ORDERED.**