# United States Court of Appeals
## For the First Circuit

---

No. 99-1276

FREDERIC W. BERTHOFF,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
B. Fletcher,* Senior Circuit Judge,
and Stahl, Senior Circuit Judge.

---

Michael C. Bourbeau, with whom Bourbeau & Bonilla was on brief, for appellant.
Kevin O'Regan, Assistant United States Attorney, with whom James B. Farmer, Chief, Criminal Division, Dina Michael Chaitowitz, Appellate Chief, and Michael J. Sullivan, United States Attorney, were on brief, for appellee.

---

October 21, 2002

---

*Hon. Betty B. Fletcher, of the Ninth Circuit, sitting by designation.

**STAHL**, **Senior Circuit Judge**.   Petitioner-appellant Frederic W. Berthoff appeals from the district court's order denying his petition for habeas relief pursuant to 28 U.S.C. § 2255.   Berthoff was convicted of drug conspiracy and related charges following a jury trial.   His sentence was seven times greater than that of the next most culpable co-conspirator, who cooperated with the government and pled guilty.   The district court granted a certificate of appealability (COA) <u>sua</u> <u>sponte</u>, asking this Court to consider whether the disparity in sentencing violated Berthoff's right to a jury trial.   Later, it added to the COA the issue of whether Berthoff's conviction violated <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000).   We hold that the court below was in error when it issued the COA, and affirm the denial of the habeas petition.

## I. BACKGROUND

A.  <u>The Criminal Proceedings</u>

Berthoff, the kingpin of a drug ring, was indicted on seventeen felony charges along with five associates.[1]  Following a jury trial with co-defendants William Tibolt and Scott Holland, Berthoff was convicted of conspiring to possess marijuana and hashish with intent to distribute, 21 U.S.C. §§ 841, 846 (Count One); possessing hashish with intent to distribute, <u>id.</u> § 841

---

[1]The factual details of the criminal conspiracy are set forth in <u>Berthoff</u> v. <u>United States</u>, 140 F. Supp.2d 50, 52-53 (D. Mass. 2001).

(Count Two); tax evasion, 26 U.S.C. § 7206(1) (Count Three); money laundering, 18 U.S.C. § 1956(a) (Counts Seven through Fourteen); and witness tampering, 18 U.S.C. § 1512(b)(3) (Count Sixteen). The United States District Court for the District of Massachusetts sentenced Berthoff to twenty-one years' imprisonment on Counts One and Two; three years' imprisonment on Count Three; twenty years' imprisonment on Counts Seven through Fourteen; and ten years' imprisonment on Count Sixteen, with the sentences on all counts to run concurrently.

Thomas Cimeno, whom the district court characterized as "the individual next to Berthoff most culpable in this conspiracy," pleaded guilty prior to trial and cooperated with the government. Berthoff v. United States, 140 F. Supp.2d 50, 53 (D. Mass. 2001). He received a sentence of three years' imprisonment. Albert Mello, another "important figure" in the conspiracy, who also pleaded guilty and cooperated, received the same sentence. Id. at 53. Wes Schifone, a lesser figure who also pleaded guilty and cooperated, was sentenced to five years' probation, the first nine months to be spent in house arrest. Of the two co-defendants who went to trial, Tibolt received an eight-year sentence, and Holland received five years.

In an unpublished decision, this Court affirmed Berthoff's conviction. United States v. Berthoff, No. 94-1719, 1995 WL 703506 (1st Cir. Nov. 29, 1995).

B.  The Habeas Petition

In April, 1997, Berthoff timely filed a petition for habeas corpus on the ground that he was denied effective assistance of counsel.  He contended that his counsel was required to inform him about plea overtures that had been made by the government and about the effect on his sentence of the likely acceptance of responsibility credit, U.S.S.G. § 3E1.1.  The district court denied the petition, and Berthoff appealed the denial.

On December 9, 1998, the district court granted a COA that seemingly concerned the constitutionality of the disparity in sentencing between those defendants who plead guilty and those who stand trial.  The parties, however, proceeded with the understanding that the issue on appeal was Berthoff's ineffective assistance of counsel claim.

On December 22, 1999, this Court vacated the COA. Berthoff v. United States, No. 99-1276, 1999 WL 1295839 (1st Cir. Dec. 22, 1999).  Acknowledging the confusion about the issue on appeal, we remanded with instructions to the district court to clarify the issue warranting a COA and, if the court decided to reissue the COA on the ineffective assistance of counsel claim, to answer five questions set forth in our opinion.  Id. at *2.  In November 2000, while the matter was on remand, Berthoff sought to amend his § 2255 petition to add an Apprendi claim, arguing that

the amount of contraband should have been presented to and determined by the jury.

On April 9, 2001, the district court issued a report in which it answered the Appeals Court's five questions and concluded that there was no ineffective assistance of counsel. Berthoff, 140 F. Supp.2d at 54-58. Accordingly, it denied a COA as to that claim. Id. at 58.[2] Next, the court denied Berthoff's motion to amend his § 2255 petition to include an Apprendi claim on the grounds that (1) the court lacked jurisdiction to amend the petition after it had rendered judgment thereon; and (2) amendment would be futile because the Apprendi claim was time-barred. Id. at 59-60.

Finally, the district court sua sponte granted a COA concerning "whether the conduct of the prosecutor or this Court in this case unduly and unconstitutionally burdened Berthoff's Sixth Amendment right to trial by jury." Id. at 61. The court decried the widespread practice of fact bargaining, which it defined as "the knowing abandonment by the government of a material fact developed by law enforcement authorities or from a witness expected to testify in order to induce a guilty plea." Id. at 62 n.19. Although it acknowledged that there was no evidence that fact bargaining played any role in Berthoff's sentencing, the court

---

[2]On September 25, 2001, this Court affirmed that denial in an unpublished per curiam opinion. Ineffective assistance of counsel is not an issue in the present appeal.

nonetheless suggested that a COA was appropriate on general policy-based grounds, maintaining that "'substantial assistance' and fact bargaining together constitute the single greatest cause of the disparity in sentencing that so burdens the free exercise of the Sixth Amendment." Id. at 67 n.30. Citing the 700% difference between Cimeno's and Berthoff's sentences, inter alia, the district court concluded that Berthoff "has made 'a substantial showing of a denial of his constitutional right' to trial by jury such that issuance of a [COA] is appropriate." Id. at 70 (quoting 28 U.S.C. § 2253(c)(2)).

In December, 2001, Berthoff moved to amend the COA to include the issue of Apprendi's retroactive application to this case. The district court allowed the motion.

## II. **DISCUSSION**

A. Berthoff's Sixth Amendment Claim

28 U.S.C. § 2253(c)(1) provides, in relevant part, that an appeal may not be taken from a district court's final order in a § 2255 proceeding without the issuance of a COA. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Id. at § 2253(c)(2). "A habeas petitioner who fails to demonstrate that his claims satisfy the substantial showing standard may not appeal the denial of habeas corpus at all." Bui v. DiPaolo, 170 F.3d 232, 236 (1st Cir. 1999). Furthermore, "the necessity for a substantial showing extends

independently to each and every issue raised by a habeas petitioner." Id.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Reed v. Farley, 512 U.S. 339, 354 (1994) (internal citation omitted). The principles of finality, federalism, and comity inform the scope of habeas review. Sanna v. Dipaolo, 265 F.3d 1, 7 (1st Cir. 2001) (citing Brecht v. Abrahamson, 507 U.S. 619, 633-35 (1993); Teague v. Lane, 489 U.S. 288, 308-10 (1989)). Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998).

In this case, the COA was inappropriately issued because Berthoff procedurally defaulted his Sixth Amendment claim and failed to make a substantial showing that his right to a jury trial was denied. He did not raise that issue at any stage of the proceedings below: neither at trial, nor on direct appeal from his convictions, nor in his § 2255 petition.[3] Rather, the district

_____

[3]Nor does Berthoff make a developed argument as to cause and prejudice or actual innocence on appeal, other than to contend that the sentencing issue was too "novel" to be subject to the procedural default doctrine. See Reed v. Ross, 468 U.S. 1, 15 (1984). In light of this circuit's case law addressing closely related issues, notably United States v. Rodriguez, 162 F.3d 135 (1st Cir. 1998), we find this argument unpersuasive. Finally,

court issued a COA on the Sixth Amendment issue <u>sua</u> <u>sponte</u>, in the absence of briefing or a hearing.

Moreover, the district court's discussion focused on the constitutional infirmities involved in fact bargaining and inappropriately mechanistic downward departures for substantial assistance. <u>Berthoff</u>, 140 F. Supp.2d at 61-67. Yet the court concedes that these problems are not present in Berthoff's situation: there was no evidence of fact bargaining below, <u>id.</u> at 67 n.30, and Berthoff and his co-defendants were thoughtfully sentenced within the Guidelines, <u>id.</u> at 53, 57. We need do nothing more than refer to the district court's own words to emphasize that the constitutional complaints it postulates have little to do with the facts of the present case:

> [I]n an appropriate case, where the government has engaged in illegal fact bargaining with one defendant, I would not hesitate to hold that a defendant similarly situated in all material respects could take advantage of the fact bargain in order freely to exercise the right to trial by jury guaranteed by the Sixth Amendment.
>
> <u>This is not such a case</u>. After the most thorough reflection, while I fully admit that were I free to do so I would reduce Berthoff's sentence, I can see no principled way to reach such a result and at the same time remain faithful to the judicial decisions that

---

Berthoff contended in his reply brief that he sufficiently presented the sentencing disparity issue below when he asserted ineffective assistance of counsel, but effectively repudiated this contention at oral argument, conceding that the issues were only tangentially related.

> properly control analysis here. The best I can
> do is grant this certificate of appealability.
> I respectfully urge the Court of Appeals to
> address these intractable issues with the aid
> of the broadest array of amici curiae  . . .

Id. at 71 (emphasis added).  Under these circumstances, to decide

whether fact bargaining violated the Sixth Amendment not only would

contravene the procedural default doctrine but would amount to

issuing an unlawful advisory opinion.  Cf. United States  v.

Sabatino, 943 F.2d 94, 96 n.1 (1st Cir. 1991) (Sixth Amendment

rights "are personal in nature and cannot be asserted

vicariously").[4]

In sum, this case simply is an inappropriate vehicle for

the district court's concerns.  We acknowledge that the district

court raises serious and troubling issues regarding sentencing

disparity that merit careful consideration in an

appropriate case; as the trial court concedes, however, this is not

that case.  Accordingly, we do not reach the merits of the

constitutional issue at this time.

B.  Berthoff's Apprendi Claim

Berthoff contends that his sentence violates Apprendi

because the jury did not make findings as to the triggering

quantities that would support the 21-year drug trafficking

---

[4]Berthoff contends that the 700% sentencing disparity alone --
absent fact bargaining or improper downward departures -- violates
his Sixth Amendment rights.  As set forth supra, this argument is
barred by the procedural default doctrine.

sentence. Under 21 U.S.C. § 841(b)(1)(B), the jury would have had to find that he was responsible for at least one hundred kilograms of a mixture or substance containing a detectable amount of marijuana.

The district court declined to allow Berthoff to amend his habeas petition to include the Apprendi claim, although it later included it in the COA. We generally review a decision granting or denying a motion to amend a complaint for abuse of discretion. Watson v. Deaconess Waltham Hosp., 298 F.3d 102, 109 (1st Cir. 2002).

Berthoff does not argue that the district court abused its discretion in denying his motion to amend. In any event, we will not consider the Apprendi claim because the district court correctly held that it lacked the authority to allow the amendment after it had entered judgment on Berthoff's § 2255 petition. "A habeas petitioner may not add new constitutional claims to a petition after the district court has entered judgment." Ward v. Whitley, 21 F.3d 1355, 1360 (5th Cir. 1994). Berthoff did not seek relief from the district court's judgment pursuant to Fed. R. Civ. P. 60(b) or any other rule. See Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994) ("Unless post-judgment relief is granted [under Rule 59 or 60], the district court lacks power to grant a motion to amend the complaint under Rule 15(a).").

Affirmed.

-11-