**Juan A. SOTO–RAMÍREZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 05–1632 (DRD).**
**Criminal No. 97–076 (DRD).**

United States District Court,
D. Puerto Rico.

July 22, 2009.

costs accrued pursuing administrative remedies on remand.

Nelson J. Perez–Sosa, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Respondent.

Juan A. Soto–Ramirez, Coleman, FL, pro se.

### AMENDED ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court are the following motions: (a) *Application For Certificate Of Appealability* (Docket No. 17) filed by petitioner Juan A. Soto–Ramírez ("Soto–Ramírez"), of the Court's *Opinion and Order* (Docket No. 14); and (b) *Leave To Proceed In Forma Pauperis.* The certificate of appealability is **DENIED** for the underlying reasons expressed in the Court's *Opinion and Order* entered on September 19, 2008 (Docket No. 14), and Judgment entered on even date (Docket No. 15).

Petitioner requests that a Certificate of Appealability be granted from the denial of his motion filed under 28 U.S.C. § 2255. A Certificate of Appealability may be issued only if an applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

In order to meet the substantial showing standard, the petitioner shall demonstrate that the issues involved in the petition are debatable amongst jurists of reason; that the court could resolve the issues in a different manner, or that questions are adequate to deserve encouragement to proceed further. *Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. 3383; *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). *See also Medellin v. Dretke,* 544 U.S. 660, 676, 125 S.Ct. 2088, 161 L.Ed.2d 982 (2005).

Hence, " '[an] habeas petitioner who fails to demonstrate that his claims satisfy the substantial showing standard may not appeal the denial of habeas corpus at all.' Furthermore, 'the necessity for a substantial showing extends independently to each

and every issue raised by a habeas petitioner.'" *See Berthoff v. U.S.*, 308 F.3d 124, 127 (1st Cir.2002) (*citing Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir.1999)) (*emphasis ours*).

### Introduction

In the instant case, the record shows that petitioner was sentenced to life, on March 30, 2001. *See Judgment* (Docket No. 1432. Crim. No. 97–076). A *Notice of Appeal* followed on April 6, 2001 (Docket No. 1438, Crim. No. 97–076). On November 20, 2003, the United States Court of Appeals for the First Circuit ("First Circuit") affirmed the conviction of Soto–Ramírez. *See United States v. Soto–Beníquez*, 356 F.3d 1, 55 (1st Cir.2003), *cert. denied*, 541 U.S. 1074, 124 S.Ct. 2432, 158 L.Ed.2d 985 (2004).[1]

On June 16, 2005, Soto–Ramírez filed the instant petition under 28 U.S.C. § 2255. The motion was denied on September 19, 2008. *See Opinion and Order* and *Judgment* (Docket entries No. 14 and 15). A *Notice of Appeal* followed on November 5, 2008 (Docket No. 16), as well as the *Motion For Issuance Of Certificate Of Appealability For Appeal* (sic) (Docket No. 17). On January 7, 2009, petitioner filed a motion requesting leave to proceed in *forma pauperis* (Docket No. 20).

Soto–Ramírez contends that this Court erred when it denied the habeas corpus petition under 28 U.S.C. § 2255. Petitioner alleges that, although the errors alleged herein were adversely decided on appeal, he is entitled to revisit them through a petition under 28 U.S.C. § 2255. The Court disagrees, and briefly explains.

### Analysis

Petitioner alleges that the Court erred on the following grounds: (a) he has been denied the right to revisit several *Apprendi*[2] violations; (b) the life term sentence should be reconsidered under *Blakely*[3] and *Booker*;[4] and (c) ineffective assistance of counsel. The Court finds that the reasons set forth in petitioner's motion under 28 U.S.C. § 2255 as errors, have already been addressed by the First Circuit. *See United States v. Soto–Beníquez*, 356 F.3d 1, as well as in this Court's *Opinion and Order* (Docket No. 14). Moreover, the Court notes that petitioner has a prior criminal record in state court in which he had pled guilty to homicide in the death of Dagoberto Robles–Rodríguez. *See Soto–Beníquez*, 356 F.3d at 15–16.

In *Soto–Beníquez*, 356 F.3d at 13, "a massive drug conspiracy case from Puerto Rico," as described by the First Circuit, held that Soto–Ramírez together with another co-defendant Soto–Beníquez, led the conspiracy of a continuing criminal enterprise of illegal possession with the intent to distribute several types of controlled substances in excess of five (5) kilograms from on or about January 1, 1990 through on or about March 7, 1994. The First Circuit proceeded with an extensive and thorough analysis of all the claims raised on appeal by each defendant. A summary

---

**1.** The Court notes that the Unites States Supreme Court denied the petition for *certiorari* on June 1, 2004. The record shows that Soto–Ramírez filed the instant petition on June 16, 2005. Although it appears that the instant petition is time barred under 28 U.S.C. § 2255(f)(1), the Court has entertained the § 2255 petition as it cannot verify the date that petitioner was notified of the ruling denying the petition for *certiorari*.

**2.** *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**3.** *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**4.** *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

of the errors claimed by Soto–Ramírez are recapitulated below for easy reference.

### A. *The findings of the jury.*

The First Circuit held that the "evidence supports the jury's finding that each of the defendants joined in this common enterprise." 356 F.3d at 20. "[T]here is evidence that each defendant participated in the common enterprise of selling drugs through the six points." *Id.* "Soto–Ramírez controlled several drug points, and his house was used to prepare and package crack and heroin for distribution at several of the drug points." *Id.* "Vega–Cosme supplied ammunition and narcotics to Soto–Ramírez and distributed heroin at a drug point with Soto–Ramírez's permission throughout the duration of the conspiracy." *Id.* at 21. As to the jury instructions, the First Circuit found that "[t]he jury was [properly] instructed on multiple conspiracies, at the request of the defense." *Id.* at 22. The First Circuit further held:

> The district court informed the jury that it must acquit "[e]ven if the evidence in the case shows that defendants were a member of some conspiracy, and not the single conspiracy charged in the indictment." As noted earlier, where the jury was properly instructed and found the defendants guilty of conspiracy, its verdict is reviewable only for sufficiency of evidence. *David,* 940 F.2d at 732. [*United States v. David,* 940 F.2d 722 (1st Cir.1991) ].

> On the evidence, a jury could have concluded that there was a later, rival conspiracy, but it was not compelled to do so. There is sufficient evidence to support the jury's verdict of guilt, as well as its implicit finding that a single conspir-

acy existed that extended through the summer of 1993.

### B. *Pretrial discovery and disclosures.*

As to pretrial evidence provided by the Government, Soto–Ramírez was "provided with a report before trial that Maldonado [5] would testify that the same weapons were used in the Robles–Rodríguez and Dones–Arroyo [a government informant] murders." *Soto–Beníquez,* 356 F.3d at 38–39. Furthermore, "Soto–Ramírez ordered the murder of one of his drug dealers when some cocaine and a machine gun disappeared, sending the message that those who broke ranks and stole from the group would be punished." 356 F.3d at 20. Moreover, the First Circuit held that, notwithstanding the delay of the Government in providing some of the information, the delay was not prejudicial to Soto–Ramírez. 356 F.3d at 40. Hence, Soto–Ramírez is "not entitled to reversal on appeal." *Id.*

### C. *The amount and type of drugs.*

Petitioner alleges that the district court erred when "it failed to instruct the jury to determine the quantity and type of drugs." *Soto–Beníquez,* 356 F.3d at 44. Petitioner's claim is two-fold: (a) "the drug amount is an element of the CCE offense and that the jury was not otherwise instructed to find a minimum drug amount;" (b) *Apprendi* "requires that the amount be proven to the jury beyond a reasonable doubt." *Id.* The First Circuit held:

> We reject both arguments. **As to the claim that the drug amount is an element of the CCE offense, the CCE statute plainly does not require a minimum drug amount for a conviction.** As to Soto–Ramírez and Soto–Beníquez's *Apprendi* argument, *Apprendi* requires that "[o]ther than the fact of a

---

**5.** "Negrón–Maldonado testified that Soto–Ramírez was involved in the murder of a gov-

ernment informant, Ana Luz Dones–Arroyo." *Soto–Beníquez,* 356 F.3d at 38–39.

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 [*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348]. **Here, absent a finding of drug quantity, the statutory maximum for CCE is already life imprisonment: the statute authorizes a sentence of twenty years to life imprisonment regardless of drug amount. 21 U.S.C. § 848(a)-(c). A drug amount over certain level can result in a mandatory life sentence, § 848(b), but does not change the statutory maximum. Hence, no *Apprendi* violation has occurred with regard to the CCE convictions.** (Emphasis supplied).

Soto–Ramírez further argues that the amount and type of drugs was not established by the preponderance of evidence required to establish the base offense levels. The First Circuit found that based upon the evidence admitted during trial, the district court correctly applied the standard set by the Sentencing Guidelines, as "each defendant must be sentenced based on the amount of drugs that he handled, negotiated, saw, or could reasonably have foreseen to be embraced by the conspiracy." *Soto–Beníquez*, 356 F.3d at 50. "Applying this standard, the district court attributed at least 1.5 kilograms of crack cocaine to each of the five defendants, resulting in a base offense level of 38 for each." *Id.* The First Circuit further held:

> Furthermore, according to Negrón–Maldonado's testimony, during early 1992, Negrón–Maldonado "cooked" one to three kilograms of cocaine into crack cocaine per week for Soto–Ramírez's per week for Soto–Ramírez's points. In one and a half weeks, Negrón–Maldonado would have packaged at least 1.5 kilo-

grams of crack cocaine for distribution at Soto–Ramírez's points. Although Soto–Ramírez was in prison at this time, the drug quantity was reasonably foreseeable to him because he was still supervising his drug points by telephone.

### D. *Ineffective assistance of counsel.*

■ Lastly, Soto–Ramírez claims ineffective assistance of counsel in a futile effort to overturn his life sentence. The Court held that petitioner's claim failed to meet the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Opinion and Order* (Docket No. 14). Given the Court's discussion of facts of this case in our *Opinion and Order* (Docket No. 14), we firmly believe that the application of the *Strickland* test to petitioner's claim is simple and that the outcome is quite clear. The law regarding ineffective assistance of counsel is well established, and it is apparent that the requirements set out by the Supreme Court in *Strickland*, have not been met by petitioner. No specific reasons as to counsel's professional mishaps are provided by the petitioner, except for generalized statements lacking any specific allegations.

### E. *Section 2255: Rehashing of issues adversely decided on appeal?*

■ As an introductory note, the Court stresses that this petitioner was found guilty by a jury verdict in a case that carried life imprisonment, which is exactly the sentence imposed by the Court to the petitioner for Count One of the Superseding Indictment (Docket No. 397, Crim. 97–076), that is, the engagement in a continuing criminal enterprise, as defined in 21 U.S.C. § 848(c), in violation of 21 U.S.C. § 848(a) and (b), and 18 U.S.C. § 2.

■ "Section 2255 is not designed to provide criminal defendants repeated op-

portunities to overturn their convictions on grounds which could have been raised on direct appeal." *United States v. Dunham,* 767 F.2d 1395, 1397 (9th Cir.1985). The Court finds that petitioner's motion for certificate of appealability is, hence, a rehashing of the issues previously addressed by the First Circuit on the appeal of *Soto–Beníquez,* 356 F.3d 1. *See also Davis v. United States,* 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *cf. Singleton v. United States,* 26 F.3d 233, 240 (1st Cir.1994) (" '[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion.' ") (citation omitted). *See also United States v. Escobar-de Jesús,* 187 F.3d 148, 159–162 (1st Cir.1999); *Barrett v. United States,* 965 F.2d 1184, 1190 n. 11 (1st Cir.1992).

Hence, in view of the fact that the instant petition constitutes a rehashing of the same issues raised on appeal, the Court finds that the issues involved are not debatable amongst jurists of reason, or that the questions are adequate to deserve encouragement to proceed further.

F. *Retroactive application of Apprendi, Blakely and Booker: not applicable.*

■ Lastly, the Court notes that petitioner reiterates his claims, as to the reconsideration of his life sentence, by applying the doctrines of *Apprendi, Blakely* and *Booker* retroactively. The Court reiterates, yet again, that petitioner's claims are barred, as stated herein, as the doctrines of *Blakely* and *Booker* are not applicable to him (defendant was sentenced on March 28, 2001). As held by the Court in its *Opinion and Order,* the doctrines of *Apprendi* (2000),[6] *Blakely* (2004) and *Booker* (2005), are not applicable retroactively. *See Opinion and Order* (Docket No. 14). *See also Dodd v. United States,*

545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005), and *Cirilo–Muñoz v. United States,* 404 F.3d 527, 532 (1st Cir.2005) (holding that *Apprendi* and *Booker* doctrines are not retroactive in nature). *See also Soto–Beníquez,* 356 F.3d 1.

### *Conclusion*

For the reasons stated herein, the Court: (a) denies petitioner's request for the issuance of a certificate of appealability (Docket No. 17), and (b) grants the request to proceed in *forma pauperis* (Docket No. 20).

IT IS SO ORDERED.

---

**6.** The Court notes that the First Circuit has already tackled the *Apprendi* doctrine in *Soto–* *Beníquez,* 356 F.3d at 44, hence, it cannot be rehashed in the § 2255 petition.