# United States Court of Appeals

## For the First Circuit

No. 09-2411

JACQUES GAUTIER,

Petitioner, Appellant,

v.

ASHBEL T. WALL, ET AL.,

Respondents, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

Jacques Gautier, Memorandum in Support of a Certificate of
Appealability pro se.

September 16, 2010

**Per Curiam**.    Jacques Gautier could have filed one habeas petition raising all of his claims after "exhaust[ing] the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A). Instead, he "twice brought claims contesting the same custody imposed by the same judgment of a state court."  Burton v. Stewart, 549 U.S. 147, 154 (2007) (per curiam).  His second such petition was "second or successive" under 28 U.S.C. § 2244(b).  It should not have been filed without our authorization.  For the reasons explained below, we direct the district court to dismiss the petition for lack of jurisdiction.

I

Gautier was charged with, among other offenses, first-degree murder and burglary.  Before trial, he moved to dismiss the murder count, claiming that the State of Rhode Island was collaterally estopped from bringing the charge.  The motion was denied.  The state supreme court affirmed the ruling, clearing the way for the murder prosecution.  State v. Gautier, 871 A.2d 347, 349 (R.I. 2005).

Gautier was convicted of the lesser-included offenses of second-degree murder and breaking and entering.  In January 2006, he received a life sentence for the former and a concurrent ten-year sentence for the latter.  Two months later, as his appeal to the state supreme court was about to be docketed, Gautier filed a 28 U.S.C. § 2254 petition raising a claim of collateral estoppel.

-2-

It was the first and only claim he had exhausted. At the State's motion, the district court adjudicated the petition and dismissed it with prejudice. This court denied a certificate of appealability.

In June 2008, the state supreme court affirmed the convictions. State v. Gautier, 950 A.2d 400 (R.I. 2008). Gautier filed a second habeas petition rehashing the adjudicated claim and raising several claims of error within the trial itself, some of them newly exhausted. The State moved to dismiss the entire filing as an unauthorized "second or successive" petition; the district court agreed only as to the rehashed claim. "[T]he other grounds presented in the Petition," it stated, "were not ripe for consideration when the 2006 Petition was filed . . . . Because the procedural posture of Gautier's state court case has substantially changed between 2006 and 2008, the pending Petition is not an impermissible 'second or successive' Petition." The court denied seven of the new grounds and dismissed the eighth without prejudice, finding it unexhausted. Gautier asks this court for a certificate of appealability. The real issue is, as it were, petitionability.

## II

The phrase "second or successive" "takes its full meaning from [the Supreme Court's] case law, including decisions predating the enactment of the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA)." Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007). Ever since Rose v. Lundy, 455 U.S. 509, 520 (1982), habeas petitioners have been encouraged to take each of their claims to state court before bringing any claims to federal court. Those with unexhausted as well as exhausted claims "may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles." Burton, 549 U.S. at 154 (citing Lundy, 455 U.S. at 520-21 (plurality opinion)). In AEDPA terms, a later petition may be second or successive, and so face restrictions under the "modified res judicata rule" in § 2244(b), Felker v. Turpin, 518 U.S. 651, 664 (1996), if it advances claims that could have been properly raised and decided in a previous petition. Cf. United States v. Barrett, 178 F.3d 34, 42-45 (1st Cir. 1999).

Gautier's new petition is second or successive. Our remarks are brief: the Supreme Court has explained the "precise practice" (and legal analysis) that "gover[n] in circumstances such as [these]." Burton, 549 U.S. at 153. Burton challenged his conviction while state review of his revised sentence was pending. At the conclusion of direct review, he filed a second petition attacking the sentence. The Supreme Court found "no basis in our cases for supposing, as the Ninth Circuit did, that a petitioner with unexhausted claims . . . who elects to proceed to adjudication of his exhausted claims[,] may later assert that a subsequent

petition is not 'second or successive' precisely because his new claims were unexhausted at the time he filed his first petition." Id. at 154. "This reasoning conflicts with both Lundy and § 2244(b) and would allow prisoners to file separate habeas petitions in the not uncommon situation where a conviction is upheld but a sentence is reversed." Id. (It, we might add, would allow claim-splitting whenever the claims have been exhausted in different stages, e.g., some after direct review and others at the conclusion of post-conviction proceedings.) "Such a result would be inconsistent with both the exhaustion requirement, with its purpose of reducing 'piecemeal litigation,' and AEDPA, with its goal of 'streamlining federal habeas proceedings.'" Id. (citations omitted).

Burton casts a long shadow over repeat petitioners who, with better timing, could have consolidated their claims in one fully exhausted petition. Gautier falls into this camp. Once his criminal "judgment became final by the conclusion of direct review," § 2244(d)(1)(A), he could have filed one petition raising all of his claims. Burton, 549 U.S. at 156-57; cf. Mathis v. Thaler, ___ F.3d ___, 2010 WL 3278609, at *7-8 (5th Cir. Aug. 20, 2010) (consolidation in one petition possible with post-conviction tolling under 28 U.S.C. § 2244(d)(2)); In re Davis, 565 F.3d 810, 820-21 (11th Cir. 2009) (similar). He instead split his claims between petitions.

"The prisoner's principal interest, of course, is in obtaining speedy federal relief on his claims."  Lundy, 455 U.S. at 520 (plurality opinion).  If the first-exhausted claims are strong and the sentence short, who can gainsay a decision to proceed?  For the typical petitioner, however, the lesson of Burton is to avoid filing two petitions where one would do.[1]

### III

The district court lacked jurisdiction to consider Gautier's second or successive petition without our authorization.  See Burton, 549 U.S. at 152; 28 U.S.C. § 2244(b)(3)(A).  Treated as a motion for an order so authorizing the district court, the application for a COA must be denied.  Not one of Gautier's claims meets the gatekeeping requirements of § 2244(b).[2]  The entire

---

[1]We do not deal here with claims that "are not ripe until after the time has run to file a first federal habeas petition." Panetti v. Quarterman, 551 U.S. 930, 943 (2007). Cf. id. at 947 (recognizing an "exceptio[n]" to AEDPA's "second or successive" bar for an application raising a Ford competency-to-be-executed claim that would have been unripe had the petitioner presented it in his first application); Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009) (if "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive"). Nor do we address the case where state court delay in deciding the unexhausted claim threatens to deprive the petitioner of meaningful habeas review.

[2]See 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); § 2244(b)(2) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--(A) the applicant shows that the claim relies on a new rule of constitutional law,

second petition would have to be dismissed.

The judgment of the district court is vacated.  In its place, the court shall enter a judgment of dismissal for lack of jurisdiction.  This appeal is terminated.

---

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").