Juan Enrique CINTRON–
CARABALLO,
Petitioner,

v.

UNITED STATES of America,
Respondent.

Civil No. 11–1217(DRD).

United States District Court,
D. Puerto Rico.

April 23, 2012.

Juan Enrique Cintron–Caraballo, Jesup, GA, pro se.

Nelson J. Perez–Sosa, United States Attorneys Office, San Juan, PR, for Respondent.

### OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Petitioner Juan Enrique Cintron–Caraballo filed the instant 28 U.S.C. § 2255

habeas corpus petition on February 25, 2011 (Docket No. 1). Petitioner's motion (Docket No. 1), and supporting Memorandum (Docket No. 1–1), is an identical copy of a previously filed habeas petition (05–cv–2232). In the instant matter, as well as in 05–cv–2232, Petitioner alleges that his counsel was ineffective at multiple stages of the proceedings and made an unauthorized filing of a prior § 2255 petition. Petitioner also avers that he is entitled to relief pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and requests an evidentiary hearing.

Petitioner was convicted of conspiracy to distribute illicit narcotics in violation of 21 U.S.C. § 846 (97–cr–076) and was sentenced to life imprisonment. Subsequently, counsel for Petitioner filed a habeas corpus petition on June 23, 2005 (05–cv–1691). On November 28, 2005, Petitioner, acting on his own behalf, filed a separate motion for habeas relief (05–cv–2232). On July 31, 2006, the Court dismissed 05–cv–2232 as repetitive to the claims brought under the first habeas corpus petition filed by counsel (05–cv–2232, Docket Nos. 15 and 16).[1] The first habeas petition was also dismissed on October 27, 2006 as untimely or time-barred (05 cv–1691, Docket Nos. 7 and 8). Neither dismissal was appealed.[2]

On July 14, 2011, the Government opposed Petitioner's § 2255 motion (Docket No. 3) alleging that the instant matter is a second or successive § 2255 motion. Accordingly, the Government advances that the District Court lacks jurisdiction to entertain the petition as it has not been previously certified by the First Circuit Court of Appeals pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA").

On February 22, 2012, the Court directed the Clerk of the Court to refer the instant matter to Magistrate Judge Justo Arenas for his *Report and Recommendation* (Docket No. 4).

On March 1, 2012, Magistrate Judge Arenas submitted a *Report and Recommendation* to the Court (Docket No. 6). The Magistrate Judge determined that the instant matter constitutes a second habeas petition and, thus, pursuant to the AEDPA, the District Court is deprived of subject matter jurisdiction. Accordingly, the Magistrate Judge recommended that Petitioner's § 2255 motion be denied for lack of jurisdiction.

1. On August 15, 2011, Petitioner filed a motion requesting relief from judgment seeking equitable tolling (05–cv–2232, Docket No. 20), which was subsequently denied on January 30, 2012 (05–cv–2232, Docket No. 22).

2. Magistrate Judge Arenas, who the instant matter was referred to for his *Report and Recommendation,* aptly summarized the relevant pertinent history in Petitioner's criminal case (97–cr–076) as the following:

On January 23, 2012, petitioner filed a confusing motion for appointment of counsel to represent him in relation to a retroactive application of the Sentencing Guidelines in accordance with the provisions of 18 U.S.C. § 3582(c)(2). (Crim. No. 97–076, Docket No. 1792). He had filed motions for retroactive application to the Sentencing Guidelines on March 2 and June 6, 2008. (Crim. No. 97–076, Docket Nos. 1642, 1664.) Both motions were denied on October 9, 2009. (Crim. No. 97–076, Docket No. 1742.) On October 19, 2009, petitioner filed a notice of appeal in relation to the denial of the motion to reduce sentence. (Crim. No. 97–076, Docket No. 1746.) On April 14, 2010, judgment was entered affirming said denial. (Crim. No. 97–076, Docket No. 1764.) The judgment of the court of appeals explains in some detail why the large quantities of cocaine powder trumped petitioner's attempt at sentence reduction under the opportunity for crack cocaine retroactive sentencing. (Docket No. 6, pages 2–3).

To date, neither Petitioner nor Respondent have filed an opposition to the *Report and Recommendation.* However, on March 28, 2012, Petitioner filed a motion (Docket No. 7) acquiescing to the Magistrate's determination that the instant matter constitutes an unauthorized second petition. Therefore, Petitioner requested that the Court dismiss the instant matter.[3] The Court herein **NOTES** Petitioner's agreement with the Magistrate Judge's *Report and Recommendation.*

## I. Referring Dispositive Motions to a U.S. Magistrate Judge

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); FED. R.CIV.P. 72(b); Rule 72(a), Local Rules, District of Puerto Rico; *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). An adversely affected party may contest the Magistrate Judge's Report and Recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72(d); FED.R.CIV.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (2009), in pertinent part, provides that:

> [w]ithin fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a** *de novo* **determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate.

(emphasis added).

■■■■ "Absent objection ... [a] district court has a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *see also Sands v. Ridefilm Corp.,* 212 F.3d 657, 663 (1st Cir.2000); *see also Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); *see also Lewry v. Town of Standish,* 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *see also Keating v. Secretary of H.H.S.,* 848 F.2d 271, 275 (1st Cir.1988); *see also Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a de novo review of an argument never raised"); *see also United States v. Valencia,* 792 F.2d 4, 6 (1st Cir.1986); *see also Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

In the instant case, neither party filed an opposition to Magistrate Judge Arenas' *Report and Recommendation.* As no ob-

---

**3.** Petitioner also stated that he was not notified that his previous motion requesting relief from judgment in 05–cv–2232 had been denied and thus requested a copy of that *Order.* The Court hereby grants Petitioner's request and directs the Clerk of Court to provide Petitioner with a copy of the Court's January 30, 2012 *Order* (05–cv–2232, Docket No. 22).

jections to the Magistrate's *Report and Recommendation* were filed, the Court, in order to accept the unopposed *Report and Recommendation,* needs only satisfy itself that the *Report and Recommendation* contains no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir. 1996) (en banc) (extending the deferential "plain error" standard of review to the unobjected-to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (en banc) (appeal from district court's acceptance of unobjected-to findings of magistrate judge reviewed for "plain error"); *see also Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R. 2001) ("Court reviews [unopposed] Magistrate's *Report and Recommendation* to ascertain whether or not the Magistrate Judge's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P. 72(b)); *see also Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa.1990) ("when no objections are filed, the district court need only review the record for plain error").

## II. Analysis

As previously explained, because the Magistrate Judge's *Report and Recommendation* is unopposed, this Court needs only ascertain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same. After a careful analysis, the Court finds no such "plain error" and agrees with the Magistrate Judge's conclusions. The Court would have reached the same decision even if the Petitioner had objected to the *Report and Recommendation.* Thus, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate's *Report and Recommendation* (Docket No. 11) to the instant *Opinion and Order.* The Court briefly explains below.

■ The Court wholeheartedly agrees with Magistrate Judge Arenas' determination that the instant § 2255 petition is a successive petition within the meaning of AEDPA. "In AEDPA terms, a later petition may be second or successive, and so face restrictions under the 'modified res judicata rule' in § 2244(b), if it advances claims that could have been properly raised and decided in a previous petition." *Gautier v. Wall,* 620 F.3d 58, 60 (1st Cir. 2010) (internal citations omitted). The instant petition constitutes a successive petition as Petitioner raises claims herein that could have been properly raised in his prior petition.

For successive habeas corpus petitions, the AEDPA is abundantly clear that "before filing the application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' " *Burton v. Stewart,* 549 U.S. 147, 152–153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (quoting § 2244(b)(3)(A)). The First Circuit has stated that "AEDPA's prior approval provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive [§ 2255] petition unless and until the court of appeals has decreed that it may go forward." *Pratt v. United States,* 129 F.3d 54, 57 (1st Cir.1997); *see Gautier,* 620 F.3d at 60 ("The district court lacked jurisdiction to consider [Petitioner's] second or successive petition without [the First Circuit's] authorization."); *Jamison v. United States,* 244 F.3d 44, 45–46 (1st Cir.2001)("sections 2244 and 2255 forbid a district court from entertaining a 'second or successive' motion under section 2255 without permission from the court of appeals"). Thus, the Court is deprived of jurisdiction to adjudicate the instant matter.

Should Petitioner still seek habeas corpus relief, he must file the appropriate documentation with the First Circuit Court of Appeals, and obtain a certification from the Appellate Court, before the District Court will be vested with jurisdiction to properly consider his claim.

### III. Conclusion

For the reasons stated above, the Court determines that Magistrate Judge Arenas's *Report and Recommendation* (Docket No. 6) contains an apt and thoughtful analysis that is devoid of plain error.[4] Consequently, the Court **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate's *Report and Recommendation* (Docket No. 6) to the instant *Opinion and Order.* As we have concluded that the instant petition constitutes a successive petition within the meaning of the AEDPA, thereby depriving the Court of subject matter jurisdiction, the Petitioner's motion under 28 U.S.C. § 2255 is hereby **DENIED** for lack of jurisdiction. Additionally, as the instant matter constitutes a clear successive petition, the Court denies a certificate of appealability. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JUSTO ARENAS, United States Magistrate Judge.

Juan Cintron–Caraballo filed a motion under 28 U.S.C. § 2255 on February 25, 2011 attacking his March 9, 2000 conviction after trial for a violation of 21 U.S.C. § 846. He received a life sentence, as did six other defendants. The conviction was affirmed on appeal in a published opinion. *United States v. Soto–Beniquez et al.,* 356 F.3d 1 (1st Cir.2003), *cert. denied sub nom., Cintron–Caraballo v. United States,* 543 U.S. 1014, 125 S.Ct. 639, 160 L.Ed.2d 482 (2004).

On June 23, 2005, petitioner's attorney, acting on his behalf, filed a motion under 28 U.S.C. § 2255. (Civil No. 05–1691(DRD), Docket No. 1). Then on November 28, 2005, petitioner pro se filed a separate motion under 28 U.S.C. § 2255. (Civil No. 05–2232(DRD)). On July 31, 2006, the court entered judgment dismissing this pro se federal habeas petition (Civil No. 05–2232(DRD), Docket No. 15) and on October 27, 2006, the court entered judgment dismissing the first federal habeas petition as untimely or time-barred. (Civil No. 05–1691, Docket Nos. 7,8.) The reason given for the dismissal of Civil No. 05–2232(DRD) is that the case was identical as to parties, nature and claims in relation to Civil No. 05–1691(DRD). Civil No. 05–2232(DRD), Docket No. 14. Neither dismissal was subsequently appealed.

Petitioner filed a motion for relief from judgment on August 15, 2011 seeking equitable tolling for the original petition. (Civil No. 05–2232(DRD), Docket No. 20.) That motion was denied on January 30, 2012. (Civil No. 05–2232(DRD), Docket No. 22)

On January 23, 2012, petitioner filed a confusing motion for appointment of counsel to represent him in relation to a retroactive application of the Sentencing Guidelines in accordance with the provisions of 18 U.S.C. § 3582(c)(2). (Crim. No. 97–076, Docket No. 1792). He had filed motions for retroactive application to the Sentenc-

---

4. The Court need not go further "[w]here, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *In re San Juan Dupont Plaza Hotel Fire Litig.,* 989 F.2d 36, 38 (1st Cir.1993).

ing Guidelines on March 2 and June 6, 2008. (Crim. No. 97–076, Docket Nos. 1642, 1664.) Both motions were denied on October 9, 2009. (Crim. No. 97–076, Docket No. 1742.) On October 19, 2009, petitioner filed a notice of appeal in relation to the denial of the motion to reduce sentence. (Crim. No. 97–076, Docket No. 1746.) On April 14, 2010, judgment was entered affirming said denial. (Crim. No. 97–076, Docket No. 1764.) The judgment of the court of appeals explains in some detail why the large quantities of cocaine powder trumped petitioner's attempt at sentence reduction under the opportunity for crack cocaine retroactive sentencing.

Petitioner presents a broadside against his legal representations claiming in a nutshell that he suffered ineffective assistance of counsel at trial, on direct appeal, on petition to the United States Supreme Court, and on collateral review under 28 U.S.C. § 2255. Petitioner also seeks relief under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Indeed, the memorandum reads at times like an appellate brief and the court of appeals has considered some of the matters he has now raised. *See United States v. Soto–Beníquez,* 356 F.3d at 37–38, 44, 47, 50–54; *see Soto–Ramírez v. United States,* 635 F.Supp.2d 100, 104–05 (D.P.R. 2009); *cf. García–García v. United States,* 532 F.Supp.2d 356, 366 (D.P.R.2008.) He takes for granted his right to file this motion although there is already a history of 2255s in his case.

Title 28 U.S.C. § 2244 reads in pertinent part:

### § 2244. Finality of determination

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

Under 28 U.S.C. § 2255(h), a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals with the re-

quirements therein established. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court does not have jurisdiction to entertain successive post-conviction motions on their merits in the absence of such an order from the appropriate court of appeals authorizing the filing of such successive motion. *Nelson v. United States*, 115 F.3d 136, 136 (2d Cir.1997). The First Circuit has indicated that "AEDPA's prior approval provision allocates subject matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive [§ 2255] petition unless and until the court of appeals has decreed that it may go forward." *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir.1997); *see Jamison v. United States*, 244 F.3d 44, 45–48 (1st Cir. 2001); *also see Gautier v. Wall*, 620 F.3d 58, 60 (1st Cir. 2010).

■ This petition is such a "second or successive motion" within the meaning of section 2255. Petitioner must be aware that he must obtained an appropriate certification from the First Circuit authorizing this court to consider his successive section 2255 motion unless there is some other procedural mechanism to attack the length of his sentence in this court. Pursuant to the 1996 amendments to section 2255, this district court lacks jurisdiction to entertain this motion. *See Libby v. Magnusson*, 177 F.3d 43, 45–46 (1st Cir. 1999). This is in essence a second or unauthorized habeas petition. *See United States v. Caribe–Garcia*, 711 F.Supp.2d 225, 227 (D.P.R.2010.) Therefore, petitioner must move in the court of appeals for permission to pursue this application in this court.

The request is in the wrong court. I therefore recommend that the motion under section 2255 be denied for lack of jurisdiction.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir.1988); *Borden v. Secretary of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).